OPINION
{¶ 1} Appellant Kelly Jackson appeals the June 30, 2005, denial of his Motion to Withdraw his Guilty Plea by the Stark County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} From September 14, 2002 until December 20, 2002, appellant Kelly Jackson engaged in conversations over the Internet with "Missy," whom he believed to be a 12year-old girl. Jackson's conversations were sexually explicit, and he described various sex acts that he wanted to perform with "Missy." During the chats, Jackson sent "Missy" explicit photos and images which depicted juveniles engaged in sexual activity. He also sent "Missy" an AVI clip of a juvenile female having sex with a man. The images were sent via the Internet from Jackson's computer to "Missy's" computer.
 {¶ 3} "Missy" was in fact an undercover police officer who communicated with Jackson from the computer of the Internet Crimes Against Children Task Force at the Massillon Police Department.
 {¶ 4} During the chats, Jackson discussed coming to Massillon to visit "Missy". He discussed getting a hotel room and engaging in sexual intercourse, cunnilingus, fellatio, fondling, kissing, and photographing "Missy". On December 27, 2002, Jackson drove from his home in Tabernacle, New Jersey to Massillon, Ohio for the planned meeting. Jackson brought with him sex paraphernalia, a Victoria's Secret bra, panties, and body perfume, a video camera, a 35 mm camera, a digital camera, and film for the purpose of photographing the 12-year-old in photos that were obscene, sexually oriented, or nudity-oriented.
 {¶ 5} Upon his arrival in Massillon, Jackson was arrested.
 {¶ 6} Appellant was ultimately charged by (superseding) indictment with one count of attempted unlawful sexual conduct with a minor, one count of pandering sexually-oriented matter involving a juvenile, one count of illegal use of a minor in nudity-oriented material, one count of attempted child endangering, and two counts of importuning.
 {¶ 7} Appellant, through his attorneys, filed a number of pretrial motions, including motions to suppress Jackson's statements to police and evidence taken from his vehicle, to dismiss the indictment, to name the juveniles depicted in the photographs, and to appoint an expert witness to interpret computer data. On the date scheduled for a hearing on the motion to suppress, these motions were withdrawn. The trial court explained each motion to Jackson and Jackson acquiesced in their withdrawal.
 {¶ 8} On March 27, 2003, Appellant entered pleas of guilty to Attempted Unlawful Sexual Conduct With a Minor, in violation of R.C. § 2923.02 (A), a felony of the fourth degree; Pandering Sexually Oriented Matter Involving a Minor, in violation of R.C. § 2907.322(A)(2), a felony of the second degree; Illegal Use of a Minor in a Nudity Oriented Material or Performance, in violation of R.C. § 2907.323(A)(1), a felony of the second degree; Attempted Child Endangering, in violation of R.C. § 2923.02(A), a felony of the third degree; Importuning, in violation of R.C. §2907.07(D)(2), a felony of the fourth degree and Importuning, in violation of R.C. § 2907.07(D)(2), a felony of the fifth degree.
 {¶ 9} The trial Court sentenced Appellant to a total of five (5) years in prison.
 {¶ 10} That same day, Appellant was also determined to be a sexually-oriented offender.
 {¶ 11} On May 5, 2003, Appellant filed his first motion to withdraw his guilty plea pro se. In that motion, Appellant alleged that his defense team was unprepared and that he had not realized that he would be entering a guilty plea instead of attending a motion hearing. The trial court denied said motion on the ground that a notice of appeal was filed on May 6, 2003, and finding that it no longer had jurisdiction.
 {¶ 12} Appellant's first direct appeal (2003CA00171) was dismissed as untimely.
 {¶ 13} A subsequent motion for leave to file a delayed appeal was denied (2003C-A-00325).
 {¶ 14} The instant appeal arose from the trial court's denial of Jackson's second motion to withdraw his plea, or in the alternative, to modify his sentence. Jackson alleged that he should be permitted to withdraw his guilty plea because defense counsel did not explain how Ashcroft v. Free Speech Coalition
(2002), 535 U.S. 234, 122 S.Ct. 1389, might affect his case, and his non-minimum sentence should be reduced on the authority ofBlakely v. Washington (2004), 542 U.S. 296, 2348,124 S.Ct. 2531.
 {¶ 15} Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 16} "I. THE TRIAL COURT ERRED BY REFUSING TO ALLOW APPELLANT TO WITHDRAW HIS GUILTY PLEA PURSUANT TO CRIMINAL RULE 32.1.
 {¶ 17} "II. THE TRIAL COURT ERRED BY SENTENCING APPELLANT TO A NON-MINIMUM SENTENCE BASED ON FACTUAL DETERMINATIONS NOT MADE BY A JURY, PROVEN BEYOND A REASONABLE DOUBT, OR ADMITTED BY APPELLANT."
 I. {¶ 18} In his first assignment of error, Appellant argues that the trial court erred in denying his motion to withdraw his guilty plea. We disagree.
 {¶ 19} Criminal Rule 32.1 governs motions to withdrawal guilty pleas:
{¶ 20} "Crim R 32.1 Withdrawal of guilty plea
 {¶ 21} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 22} In State v. Smith (1977), 49 Ohio St.2d 261, the Ohio Supreme Court held: "It has been expressly recognized by the weight of authority that a defendant seeking to withdraw a plea of guilty after sentence has the burden of establishing the existence of manifest injustice. United States v. Mainer (C.A. 3, 1967), 383 F.2d 444. The motion is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court. United States v. Washington (C.A. 3, 1965), 341 F.2d 277, certiorari denied382 U.S. 850, 86 S.Ct. 96, 15 L.Ed.2d 89 rehearing denied382 U.S. 933, 86 S.Ct. 317, 15 L.Ed.2d 346. Although the rule itself does not provide for a time limit after the imposition of sentence, during which a motion to withdraw a plea of guilty must be made, it has been held that an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion."
 {¶ 23} In the case sub judice, this motion to withdraw the guilty plea was filed by appellant approximately two years after the trial court imposed his sentence. Therefore, the burden of demonstrating manifest injustice lies with the appellant, and the remedy is provided only in extraordinary cases. State v. Smith
(1977), 49 Ohio St.2d 261.
 {¶ 24} Appellant argues manifest injustice exists because his guilty plea was not knowingly, voluntarily or intelligently made as required by Criminal Rule 11, due to the alleged ineffective assistance of his trial counsel.
 {¶ 25} Appellant's argument is essentially a claim of ineffective assistance of trial counsel. Appellant maintains his counsel failed to advise him with regard to the United States Supreme Court ruling in Ashcroft v. Free Speech Coalition
(2002), 535 U.S. 234, which found portion of the Child Pornography Prevention Act (CPPA) to be overbroad and unconstitutional. In Ashcroft, the Supreme Court found that the CPPA prohibited speech that "recorded no crime and created no victims by its production." The Court also found that the CPPA was not consistent with prior rulings of the Court on issues concerning prohibition of child pornography.
 {¶ 26} As a result, appellant argues the trial court erred in not allowing him to withdraw his guilty plea.
 {¶ 27} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 28} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley,
supra at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, there is a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance.Id.
 {¶ 29} Appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter (1995), 72 Ohio St.3d 545, 558
(citing Lockhart v. Fretwell (1993), 506 U.S. 364, 370,113 S.Ct. 838, 122 L.Ed.2d 180). Further, both the United States Supreme Court and the Ohio Supreme Court have held that a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley,
supra. at 143 (quoting Strickland, supra. at 697).
 {¶ 30} Upon review of the record, we find none of appellant's claims of ineffective assistance of counsel are supported by references to the record or evidence establishing the deficiency of counsel's performance. Nor did appellant demonstrate he suffered prejudice as a result thereof.
 {¶ 31} Upon review, we further find that this Court in Statev. Eichorn, Morrow App. No. 02-CA-953, 2003-Ohio-3415, has previously ruled the trial counsel is not ineffective for failing to argue that R.C. § 2907.321(A)(5), R.C. § 2907.322(A)(5) and R.C. § 2907.323(A)(3) are unconstitutional, finding that these statutes "do not prohibit virtual child pornography, only pornography produced by the use of real children."
 {¶ 32} Based on the foregoing, Appellant has not met his burden of proving a manifest injustice resulting from the trial court's denial of his motion to withdraw his guilty plea.
 {¶ 33} Appellant's first assignment of error is overruled.
 II. {¶ 34} In his second assignment of error, Appellant claims the trial court erred in not sentencing the minimum sentence.
 {¶ 35} Specifically, Appellant argues that under Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, the trial court was required to sentence him to the minimum sentence absent any factual determination by a jury.
 {¶ 36} Upon review, we find that appellant's sentencing claim is barred by the doctrine of res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising or litigating in any proceedings, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised . . . on an appeal from that judgment." State v. Perry (1967),10 Ohio St.2d 175, 180, 226 N.E.2d 104.
 {¶ 37} In this case, appellant could have and should have raised any issues concerning sentencing on direct appeal but failed to do so. Consequently, the doctrine of res judicata bars appellant from raising these issues here.
 {¶ 38} Appellant's second assignment of error is overruled.
 {¶ 39} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is hereby affirmed.
Boggins, J., Farmer, P.J., and Edwards, J., concurs.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to Appellant.