OPINION
{¶ 1} Defendant-appellant James Irvin appeals his conviction and sentence from the Fairfield County Court of Common Pleas on two counts of pandering sexually oriented matter involving a minor and two counts of illegal use of a minor in nudityoriented material or performance. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On March 18, 2005, the Fairfield County Grand Jury indicted appellant on two counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(5), felonies of the fourth degree, and two counts of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), felonies of the fifth degree. At his arraignment on March 28, 2005, appellant entered a plea of not guilty to the charges.
 {¶ 3} Subsequently, on December 30, 2005, appellant filed a Motion to Dismiss. Appellant, in his motion, alleged that R.C. 2907.322(A)(5) and R.C. 2907.323(A)(3) were unconstitutional since they were vague and overbroad in violation of the First Amendment to the U.S. Constitution. Appellant specifically contended that the two statutes were unconstitutional based on the United States Supreme Court's holding inAshcroft v. Free Speech Coalition (2002), 535 U.S. 234,122 S.Ct. 1389.
 {¶ 4} As memorialized in an Entry filed on January 10, 2006, the trial court overruled appellant's Motion to Dismiss based, in part, on this Court's holding in State v. Eichorn, Morrow App. No. 02 CA 953, 2003-Ohio-3415. The trial court specifically found that "[t]he statutes in question do not seek to prohibit virtual child pornography; therefore, the statutes do not prohibit constitutionally protected speech and are not, therefore, overbroad." The trial court further held that the statutes gave "fair warning of prohibited conduct" and were not, therefore, vague.
 {¶ 5} Thereafter, a jury, on January 11, 2006, found appellant guilty of all four counts contained in the indictment. As memorialized in a Judgment Entry filed on February 6, 2006, appellant was sentenced to seventeen (17) months in prison. The trial court also adjudicated appellant a sexually oriented offender.
 {¶ 6} Appellant now raises the following assignment of error on appeal:
 {¶ 7} "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO DISMISS."
 I {¶ 8} Appellant, in his sole assignment of error, argues that the trial court erred in overruling his Motion to Dismiss. We disagree.
 {¶ 9} As is stated above, appellant, in his Motion to Dismiss, argued, in part, that R.C. 2907.322(A)(5) and 2907.323(A)(3) were unconstitutionally overbroad pursuant to the United States Supreme Court's decision in Ashcroft v. The Free Speech Coalition (2002),535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403.
 {¶ 10} R.C. 2907.322(A)(5) provides as follows:
 {¶ 11} "(A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:
 {¶ 12} "(5) Knowingly solicit, receive, purchase, exchange, possess, or control any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality; . . ."
 {¶ 13} In turn, R.C. 2907.323(A)(3) provides as follows:
 {¶ 14} "(A) No person shall do any of the following: . . .
 {¶ 15} "(3) Possess or view any material or performance that shows a minor who is not the person's child or ward in a state of nudity, unless one of the following applies:
 {¶ 16} "(a) The material or performance is sold, disseminated, displayed, possessed, controlled, brought or caused to be brought into this state, or presented for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose, by or to a physician, psychologist, sociologist, scientist, teacher, person pursuing bona fide studies or research, librarian, clergyman, prosecutor, judge, or other person having a proper interest in the material or performance.
 {¶ 17} "(b) The person knows that the parents, guardian, or custodian has consented in writing to the photographing or use of the minor in a state of nudity and to the manner in which the material or performance is used or transferred."
 {¶ 18} The United States Supreme Court, in the Ashcroft case, addressed the constitutionality of the Child Pornography Prevention Act of 1996 ("CPPA"). The CPPA expanded the federal prohibition on child pornography to include not only pornographic images made using actual children, but also "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture," that "is, or appears to be, of a minor engaging in sexually explicit conduct," and any sexually explicit image that is "advertised, promoted, presented, described, or distributed in such a manner that conveys the impression" it depicts "a minor engaging in sexually explicit conduct". Id. at 1392-1393.
 {¶ 19} In Ashcroft, supra, the United States Supreme Court found certain provisions of the CPPA to be overbroad and unconstitutional. Id. at 1393. The CPPA prohibited images so long as the persons appeared to be under eighteen years of age. Id. at 1400. Thus, the Court found the CPPA prohibited speech that recorded no crime and created no victims by its production. Id. at 1402.
 {¶ 20} This Court, in holding that R.C. 2907.321 (A)(5), 2907.322
(A)(5) and 2907.323 (A)(3) were not overbroad, stated in theEichorn case, in relevant part, as follows: "A law may be unconstitutionally overbroad, " * * * if in its reach it prohibits constitutionally protected conduct." State v. Woodbridge, Mahoning App. No. 02 CA 60, 2003-Ohio-2931, at ¶ 14, citing Akron v. Rowland,67 Ohio St.3d 374, 387, 1993-Ohio 222. Laws regulating or potentially regulating the exercise of constitutional rights must be narrowly tailored to address the specific legislative concern. Id., citing Painesville Bldg.Dept. v. Dworken Bernstein Co., L.P.A., 89 Ohio St.3d 564, 568, 2000-Ohio 488. A statute is narrowly tailored if it targets and eliminates no more than the exact source of the wrong it seeks to remedy. Id., citing State v. Burnett, 93 Ohio St.3d 419, 429,2001-Ohio-1581, citing Frisby v. Schultz (1988), 487 U.S. 474, 485,108 S.Ct. 2495, 101 L.Ed.2d 420. Accordingly, the over breadth doctrine provides the breathing space that, " * * * First Amendment freedoms need * * * to survive." Id., citing Natl. Assn. for the Advancement ofColored People v. Button (1963), 371 U.S. 415, 433, 83 S.Ct. 328,9 L.Ed.2d 405.
 {¶ 21} "A party claiming that a piece of legislation is facially overbroad must demonstrate that it can be regularly and improperly applied to prohibit protected expression and activity. Id. at ¶ 15, citing Houston v. Hill (1987), 482 U.S. 451, 458, 107 S.Ct. 2502,96 L.Ed.2d 398. Even where criminal statutes have a legitimate application they will be deemed facially overbroad where they render, " * * * unlawful a substantial amount of constitutionally protected conduct."Id., citing Houston at 459.
 {¶ 22} "We begin our analysis with the basic premise that acts of the General Assembly enjoy a strong presumption of constitutionality.State v. Gill (1992), 63 Ohio St.3d 53, 55, 584 N.E.2d 1200. Having reviewed the statutes at issue, in the case sub judice, and theAshcroft decision, we conclude said statutes are not overbroad and therefore, do not violate the First Amendment. Therefore, defense counsel was not ineffective for failing to raise this issue at the trial court level.
 {¶ 23} "The main distinction between the CPPA and the statutes under consideration is that the CPPA sought to prohibit virtual child pornography, that is, materials that appear to depict minors but were produced by means other than using real children. The statutes appellant challenges only prohibit materials produced by the use of real children and permit the trier of fact to infer that the person depicted in the material is in fact a minor if through the material's title, text, visual representation, or otherwise, the material represents or depicts the person as a minor. The state laws appellant challenges do not prohibit virtual child pornography, only pornography produced by the use of real children.
 {¶ 24} "Accordingly, because the statutes under consideration do not seek to prohibit virtual child pornography, we find the statutes are not overbroad." Id. at paragraphs 21-25. See also State v. Jackson, Stark App. No. 2005CA00182, 2006-Ohio-1922. In Jackson, this Court held that trial counsel was not ineffective in failing to advise the appellant, who had plead guilty to pandering sexually oriented matter involving a minor and use of a minor in a nudity oriented material or performance and who appealed after the trial court denied his motion to withdraw his guilty plea, among other charges, of the Ashcroft case. In so holding this Court stated, in relevant part, as follows: " we further find that this Court in State v. Eichorn, Morrow App. No. 02-CA953, 2003-Ohio-3415, has previously ruled the trial counsel is not ineffective for failing to argue that R.C. § 2907.321(A)(5), R.C. §2907.322(A)(5) and R.C. § 2907 .323(A)(3) are unconstitutional, finding that these statutes `do not prohibit virtual child pornography, only pornography produced by the use of real children.'" Id. at paragraph 31.[1]
 {¶ 25} Based on the foregoing, appellant's sole assignment of error is overruled.
 {¶ 26} Accordingly, the judgment of the Fairfield County Court of Common Pleas is affirmed.
Edwards, J. Wise, P.J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] We note that appellant, in his brief, concedes that this Court has already decided the issue raised in his appeal. However, appellant further notes that the Eleventh District Court of Appeals, in State v.Tooley, Portage App. No. 2004-P-0064, 2005-Ohio-6709, found the relevant statutes to be unconstitutionally overbroad and that, on April 12, 2006, the Ohio Supreme Court accepted an appeal of the Tooley decision, finding that there was conflict among a number of appellate districts. See State v. Tooley, 109 Ohio St.3d 1403, 845 N.E.2d 521, 2006-Ohio-1703
and State v. Tooley, 109 Ohio St.3d 1405, 845 N.E.2d 522,2006-Ohio-1703.