{¶ 1} Defendant-appellant Jack Tish ("Tish") appeals his sentence. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2005, Tish was charged with six counts of pandering sexually oriented matter involving a minor, five counts of importuning, and one count of possession of criminal tools. Pursuant to a plea agreement, Tish pled guilty to one amended count of attempted pandering as well as the remaining charges as indicted.
 {¶ 3} At sentencing, the following facts were presented to the trial court. In February and March 2005, Tish used his computer to contact an undercover police officer who was posing as a twelve-year-old girl with the screen name "SweetTraci-B-12" ("Traci"). During that time, Tish had six sexually graphic conversations with Traci on the computer. He arranged a time and place to meet Traci, but never showed up at the designated location. He also e-mailed Traci a sexually graphic picture of a young girl he claimed was his thirteen-year-old girlfriend. Tish told the court that he believed Traci was actually an old man whom Tish claimed he was just "trying to mess with."
 {¶ 4} During the execution of a search warrant at Tish's residence, police discovered pornography on his computer. Included in the recovered images were numerous photos depicting young children engaged in explicit sexual acts.[1] Tish *Page 4 
claimed that he received the photos from an unknown source and attempted to delete the photos when he realized they depicted children.
 {¶ 5} The trial court sentenced Tish to a total of eight years in prison. The trial court also found that he was not likely to reoffend and classified him a sexually oriented offender.
 {¶ 6} Tish appeals his sentence, raising one assignment of error for our review, in which he argues that the sentence imposed by the trial court is inconsistent with the purposes and principles of sentencing under the Ohio Revised Code and is therefore contrary to law.
 {¶ 7} The trial court sentenced Tish to five years in prison for attempted pandering of sexually oriented matter involving a minor, to run consecutive to eighteen months for the other pandering charges and consecutive to eighteen months for importuning. Tish was also sentenced to six months for possession of criminal tools to run concurrent to all other counts, for a total sentence of eight years in prison.
 Sentencing Guidelines {¶ 8} In 2006, the Ohio Supreme Court eliminated prior sentencing requirements, finding that courts have full discretion to impose any sentence *Page 5 
authorized by law that is in accordance with the stated purposes and principles of felony sentencing. State v. Foster, 109 Ohio St.3d 1,845 N.E.2d 470, 2006-Ohio-865. In Foster, the Court found that Apprendi v.New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 andBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, apply to Ohio's sentencing statutes. By so holding, the Court found unconstitutional many of the judicial findings that were previously required to impose more than the minimum, maximum, or consecutive sentences. Foster, supra, at syllabus.
 {¶ 9} Because Foster eliminated the requirement for sentencing courts to make certain findings or state reasons for imposing more than the minimum, maximum, or consecutive sentences, courts now have full discretion to sentence a defendant within the statutory range and without stating any findings. See State v. Williams, Cuyahoga App. No. 87320, 2006-Ohio-4768. The overriding goals of Ohio's sentencing scheme remain. Those goals are to protect the public and to punish the offender. See Foster, supra at ___ ¶ 86 and 98. Ohio law still requires trial courts to examine the defendant's conduct in light of several factors before sentencing. In exercising its discretion, the sentencing court must still carefully consider the statutes that apply to every felony case, including R.C. 2929.11 and *Page 6 
2929.12, and the statutes that are specific to the case itself.State v. Mathis, 109 Ohio St.3d 54, 62, 2006-Ohio-855, 846 N.E.2d 1.
 {¶ 10} Tish contends that the trial court violated R.C. 2929.11, which states, in pertinent part:
 "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 (B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
 (C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender."
 {¶ 11} R.C. 2929.12 (A) grants the sentencing judge discretion "to determine the most effective way to comply with the purposes and principles of sentencing." In exercising that discretion, the court shall consider, along with any other "relevant" factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R.C. 2929.12. Id. These statutory sections provide a nonexclusive list for the court to consider. Id. at {37. It is important to note that there is no mandate for judicial fact-finding in these general guidance statutes. *Page 7 Foster, supra at 4|42. A sentencing court is required merely to "consider" the statutory factors. Id.
 Tish's Sentence {¶ 12} This court reviews a felony sentence de novo. R.C. 2953.08. Even though we apply a de novo standard of review, a sentence will not be disturbed on appeal unless we clearly and convincingly find that the record does not support the sentence or that the sentence is contrary to law. R.C. 2953.08(G)(2); State v. Hollander (2001), 144 Ohio App.3d 565,760 N.E.2d 929; State v. Rigo (June 21, 2001), Cuyahoga App. No. 78761. Our standard of review is not whether the sentencing court abused its discretion. R.C. 2953.08(G)(2). In the instant case, we do not clearly and convincingly find that Tish's sentence is unsupported by the record or contrary to law. See R.C. 2953.08(G)(2).
 {¶ 13} Tish argues that his sentence was excessive and, therefore, it is contrary to law. He pled guilty to attempted pandering sexually oriented matter involving a minor, a third degree felony. R.C.2907.322(A)(1) and 2923.02. He also pled guilty to pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(5), a fourth degree felony. R.C. 2907.07(C)(2) designates the crime of importuning a felony of the fourth degree. And the charge of possession of criminal tools in the instant case is a fifth degree felony. R.C.2923.24. Based on the twelve counts to which Tish pled guilty, he faced a possible sentence of twenty-one years in prison. He was sentenced to eight years in prison. *Page 8 
 {¶ 14} Tish claims that his guilty pleas show his intent to accept full responsibility for his actions. Although he pled guilty, we find no evidence of his remorse. Despite his guilty plea, he continued to proclaim his innocence by stating that he was not actually attempting to solicit sex from a minor, and that he did not know how the child pornography was sent to him or why it remained on his computer.
 {¶ 15} Tish also claims that there is no identifiable victim in this case. We disagree. Each child depicted in the photos found on his computer is a victim. Even Tish's trial counsel conceded that his crimes were not "victimless."
 {¶ 16} Tish's argument that he is entitled to a lesser sentence because he never actually met with Traci is not persuasive. Tish was involved in several explicit conversations with someone whom he believed to be a twelve-year-old-girl. He then arranged a time and place to meet with her. The fact that he did not follow through on his plans does not require a more lenient sentence. Moreover, he received a sentence far less than the maximum possible sentence for all the charges.
 {¶ 17} Tish next argues that his sentence was not consistent with similar crimes committed by similar offenders. He cites various cases in which similar sex offenders received lesser sentences.[2] However, Tish also relies on State v. Rutter, *Page 9 
Muskingum App. No. 2006-CA-00, 2006-Ohio-4061, in which the court found that a defendant "cannot establish, either at trial or on appeal, that his sentence is contrary to law because of inconsistency by providing the appropriate court with evidence of other cases that show similarly situated offenders have received different sentences than did he. Thus, the only way for [a defendant] to demonstrate that his sentence was Inconsistent,' that is, contrary to law within the meaning of R.C.2929.11(B), is if he establishes that the trial court failed to properly consider the factors and guidelines contained in R.C. 2929.12 [and] R.C.2929.13 * * *." Id., quoting, State v. Kingrey, Delaware App. 04CAA04029, 2004-Ohio-4605. Simply citing a series of cases with different results will not necessarily establish a record of inconsistency. State v. Georgakopoulos, Cuyahoga App. No. 81934, 2003-Ohio-4341.
 {¶ 18} We have previously declined to compare a particular defendant's sentence with similar crimes in this or other jurisdictions unless there is an inference of gross disproportionality. Id., citing State v.Vlahopoulos, Cuyahoga App. No. 80427, 2002-Ohio-3244. Tish fails to demonstrate gross disproportionality of his sentence in the instant case.
 {¶ 19} Pursuant to Foster, the trial court in this case was not required to make any judicial findings. There is no evidence that the trial court failed to follow *Page 10 
sentencing guidelines or consider the applicable factors. Although the trial court never stated that it was considering applicable statutes, the trial court is not required to do so. State v. Cyrus (1992),63 Ohio St.3d 164, 166, 586 N.E.2d 94; State v. Polick (1995),101 Ohio App.3d 428, 431, 655 N.E.2d 820. We note that the trial court stated in its judgment entry that it finds that prison is consistent with the purpose of sentencing set forth in R.C. 2929.11 and that it had considered all required factors of the law. These statements support the conclusion that the trial court considered the requisite statutory factors prior to sentencing Tish. See Rutter, supra.
 {¶ 20} We are cognizant that sentencing guidelines post-Foster give sentencing courts greater latitude and leave defendants seeking to appeal their sentences with little to appeal. If the trial court must consider applicable statutes, yet need not put any findings on the record, how can a defendant ever clearly and convincingly show a reviewing court that the trial court failed to consider the statutes? This question has been, and surely will continue to be, the subject of much debate in legal circles.
 {¶ 21} We find that Tish is unable to show that the sentence he received was grossly disproportionate. We further find that Tish's sentence was supported by the record and not contrary to law.
 {¶ 22} Therefore, we overrule the assignment of error.
 {¶ 23} Accordingly, judgment is affirmed. *Page 11 
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY J. BOYLE, J. CONCURS;
CHRISTINE T. McMONAGLE, J. CONCURS IN JUDGMENT ONLY
[1] There is some mention in the record of a video recovered from Tish's computer that contained child pornography. It is unclear from the record, however, whether the evidence seized contained a video and/or still photos. Therefore, we will refer to the media involved as photos.
[2] Tish cites State v. Hamilton, Union App. No. 14-03-14, 2003-Ohio-5137; State v. Eash, Champaign App. No. 03-CA-34,2005-Ohio-3749; State v. Jackson, Stark App. No. 2005-CA-00182,2006-Ohio-1922; and State v. Piert, Lake App. No. 2002-L-145,2003-Ohio-6973. *Page 1