{¶ 1} Carl Geddes, ("Geddes") appeals his sentence and sexual predator classification imposed by the Cuyahoga County Common Pleas Court. Geddes argues his imposed sentence is contrary to law, the trial court erred in classifying him as a sexual predator, and his trial counsel rendered ineffective assistance. For the following reasons, we affirm the sexual predator classification but vacate the imposed sentence and remand for resentencing.
 {¶ 2} On February 6, 2005, a Cuyahoga County Grand Jury returned an indictment charging Geddes with ten counts of illegal use of a minor in a nudityoriented *Page 3 
performance and ten counts of pandering sexually oriented materials involving a minor. The charges stemmed from Geddes' conduct on November 30, 2005, where he downloaded and printed child pornography at the Cleveland Public Library.
 {¶ 3} On March 6, 2005, Geddes withdrew his initial plea of not guilty and pleaded guilty to six counts of pandering sexually oriented materials involving a minor, all second degree felonies. The State of Ohio ("State") dismissed the remaining counts. At the time of Geddes' plea, the parties stipulated to Geddes' prior determination as a sexual predator in January 2001.
 {¶ 4} On April 13, 2006, Geddes appeared before the trial court for sentencing and House Bill 180 classification. The trial court sentenced Geddes to five years in prison on each of his six convictions, to be served consecutively for a total prison term of thirty years. The trial court also classified Geddes as a sexual predator. Geddes appeals, raising the three assignments of error contained in the appendix to this opinion. For clarity, we address the assignments out of order.
 {¶ 5} In his first assignment of error, Geddes argues that the trial court's imposed sentence is contrary to law. We agree.
 {¶ 6} Under Ohio law, judicial fact-finding is no longer required before a court imposes consecutive or maximum prison terms. State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Instead, the trial court is vested with discretion to *Page 4 
impose a prison term within the statutory range. State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855. In exercising its discretion, the trial court must "carefully consider the statutes that apply to every felony case [including] R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender [and] statutes that are specific to the case itself."Mathis, supra. Therefore, post Foster, trial courts are still required to consider the general guidance factors in their sentencing decisions.State v. Goggans, Delaware App. No. 07-0051, 2007-Ohio 1433.
 {¶ 7} This court reviews a felony sentence de novo. R.C. 2953.08;State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855; State v. Tish, Cuyahoga App. No. 88247, 2007-Ohio-1836. Although we apply a de novo standard of review, we will not disturb the imposed sentence on appeal unless we clearly and convincingly find that the record does not support the sentence or that the sentence is contrary to law. Id.; R.C.2953.08(G)(2). In the present case, we find that Geddes' sentence is contrary to law.
 {¶ 8} In Tish, this court previously declined to compare a particular defendant's sentence with similar crimes in this or other jurisdictions only because there was no inference of gross disproportionality.Tish, supra; State v. Georgakopoulos, Cuyahoga App. No. 81934, 2003-Ohio-4341. We find such an inference of gross disproportionality present in this case. *Page 5 
 {¶ 9} We cannot say that the crimes committed by Geddes, although illegal and reproachable, deserve a prison sentence of thirty years. Geddes printed out illegal, pornographic images at a public library. Additionally, Geddes took responsibility for his actions, demonstrated remorse for his actions, and admitted to a prior history of sexual criminal conduct and admitted that he needs assistance with his problem.
 {¶ 10} In contrast, defendants convicted of similar offenses who received lesser sentences either did not show remorse for their actions, attempted to initiate contact with underage individuals, used positions of authority to facilitate the criminal conduct, and had a prior history of sexual criminal conduct that did not stop the defendant from engaging in the same conduct twice. Tish, supra; State v. Swiderski, Lake App. No. 2004-L-112, 2005-Ohio-6705; State v. Goldblatt, Cuyahoga App. Nos. 87442 and 87462, 2006-Ohio-5930.
 {¶ 11} While the sentence imposed by the trial court was within the statutory range outlined by Senate Bill 2, we conclude that the imposed sentence is manifestly disproportionate to the crimes committed by Geddes and is therefore, contrary to law. R.C. 2929.11(A) and (B). For these reasons, we vacate the imposed sentence and remand for resentencing.
 {¶ 12} Geddes' first assignment of error is sustained. *Page 6 
 {¶ 13} In his third assignment of error, Geddes argues the trial court erred when it classified him as a sexual predator. Specifically, Geddes argues that the State did not prove him to be a sexual predator by clear and convincing evidence. This assignment of error is without merit.
 {¶ 14} It is undisputed that Geddes had previously been classified as a sexual predator pursuant to a prior sexual offense conviction. R.C.2950.09(D)(2) states as follows:
 "If an offender who has been convicted of or pleaded guilty to a sexually oriented offense is classified a sexual predator pursuant to division (A) of this section or has been adjudicated a sexual predator relative to the offense as described in division (B) or (C) of this section, * * * the classification or adjudication of the offender as a sexual predator is permanent and continues in effect until the offender's death and in no case shall the classification or adjudication be removed or terminated."
 {¶ 15} The record reveals that the State, defense counsel, and the trial court understood Geddes had already been classified as a sexual predator. They further understood that because of its permanency, Geddes' classification could not be removed or terminated through any action by the trial court. Accordingly, we find no error with the trial court's classification of Geddes as a sexual predator.
 {¶ 16} Geddes' third assignment of error is overruled.
 {¶ 17} In his second assignment of error, Geddes argues his trial counsel rendered ineffective assistance. In particular, Geddes claims his trial counsel *Page 7 
was ineffective because counsel failed to object to the trial court's sexual predator classification. This assignment of error lacks merit.
 {¶ 18} In order to prevail on a claim for ineffective assistance of counsel, the defendant must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052; State v.Bradley (1989), 42 Ohio St.3d 136. Counsel's performance may be found to be deficient if counsel "made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by theSixth Amendment." Strickland, at 687. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Bradley, at 143.
 {¶ 19} In determining whether counsel's performance fell below an objective standard of reasonableness, "judicial scrutiny of counsel's performance must be highly deferential." Strickland, at 689. Because of the difficulties inherent in determining whether counsel rendered effective assistance in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 20} Geddes cannot establish a claim of ineffective assistance of counsel. In our analysis of Geddes' third assignment of error, we determined that the trial court did not err in classifying him as a sexual predator based on his previous sexual predator classification. Any objection raised by Geddes' counsel *Page 8 
during the House Bill 180 hearing would not have brought about a different result. As such, Geddes cannot establish a deficient performance or any resulting prejudice.
 {¶ 21} Geddes' second assignment of error is overruled.
 {¶ 22} We affirm the trial court's sexual predator classification, vacate the imposed sentence, and remand for resentencing consistent with this opinion.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, JUDGE
FRANK D. CELEBREZZE, JR., A.J., and
ANTHONY O. CALABRESE, JR., J., CONCUR
 Appendix A *Page 9 Assignments of Error:
 "I. The trial court erred by ordering Appellant to serve a consecutivesentence without making the appropriate findings required by R.C.2929.14(e)(4).
 II. Appellant was denied effective assistance of counsel as guaranteedby Section 10, Article I of the Ohio Constitution and the Sixth andFourteenth Amendments to the United States Constitution.
 III. The trial court erred when it classified Appellant as a sexualpredator." *Page 1