JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Donald Kozma appeals from his conviction for gross sexual imposition. For the reasons set forth below, we affirm.
 {¶ 2} On October 25, 2006, defendant was indicted for one count of gross sexual imposition. Defendant was subsequently referred to the court psychiatric clinic for competency and sanity evaluations. Thereafter, he pled guilty to the indictment. The trial court subsequently sentenced him to a five-year term of imprisonment, and following a hearing pursuant to R.C. Chapter 2950, determined that he is a sexual predator. Defendant now appeals and assigns two errors for our review.
 {¶ 3} Defendant's first assignment of error states:
 {¶ 4} "The trial court erred by ordering Appellant to serve a sentence which is contrary to law."
 {¶ 5} Within this assignment of error, defendant asserts that the trial court abused its discretion in the maximum penalty because, he claims, he engaged only in sexual contact and not sexual conduct. He cites to our decision in State v. Geddes, Cuyahoga App. No. 88186,2007-Ohio-2626, as support for his claim that the trial court abused its discretion.
 {¶ 6} Pursuant to R.C. 2929.11:
 {¶ 7} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing, [which are ] to protect the public from *Page 3 
future crime by the offender and others and to punish the offender. * * * [T]he sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 {¶ 8} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 9} "(C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender."
 {¶ 10} R.C. 2929.12 (A) grants the sentencing judge discretion "to determine the most effective way to comply with the purposes and principles of sentencing." In exercising that discretion, the court shall consider, along with any other "relevant" factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R.C. 2929.12. Id. These statutes provide a nonexclusive list for the court to consider. State v. Mathis,109 Ohio St.3d 54, 62, 2006-Ohio-855, 846 N.E.2d 1, and there is no mandate for judicial fact-finding in these general guidance statutes as the trial court is required merely to "consider" the statutory factors. TheFoster Court held that "trial courts have full discretion to *Page 4 
impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id.
 {¶ 11} On appeal, we review a felony sentence de novo. R.C. 2953.08. In determining whether the trial court erred, we will not disturb the imposed sentence on appeal unless we clearly and convincingly find that the record does not support the sentence or that the sentence is contrary to law. R.C. 2953.08(G)(2); Mathis, supra, 109 Ohio St.3d 54,2006-Ohio-855, 846 N.E.2d 1.
 {¶ 12} In this instance, we find that the record supports the sentence, as it demonstrates that defendant masturbated and rubbed the thigh of a three year-old girl who was using the bathroom. The record also demonstrated that defendant has engaged in a pattern of exposing himself, with a 1972 conviction for indecent exposure, and a 2005 conviction for public indecency. We further find that the sentence is not contrary to law, as it is within the range set forth for this offense, R.C. 2929.14, and it is adequately tailored to meet the purposes of R.C. 2929.11 in light of the age of the victim, defendant's calculation in taking advantage of her vulnerability and his escalating pattern of conduct.
 {¶ 13} Moreover, we find Geddes, supra, completely distinguishable from this matter. Geddes plead guilty to six counts of pandering sexually oriented materials involving a minor in connection with the downloading and printing of child pornography at the Cleveland Public Library. He was sentenced to 30 years. In *Page 5 
reversing this sentence, this Court found evidence of gross disproportionality and noted that defendants convicted of similar offenses received lesser sentences where they, unlike Geddes, either did not show remorse for their actions, attempted to initiate contact with underage individuals, used positions of authority to facilitate the criminal conduct, and had a prior history of sexual criminal conduct that did not stop the defendant from engaging in the same conduct twice. This matter, however, involves a much shorter sentence and an escalating pattern of conduct involving children, ending with a troubling interaction with a young victim as defendant was masturbating while inappropriately touching a three year-old who was attempting to use the bathroom.
 {¶ 14} This assignment of error is without merit.
 {¶ 15} Defendant's second assignment of error states:
 {¶ 16} "The trial court committed error when it classified Appellant as a sexual predator."
 {¶ 17} A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E).
 {¶ 18} In determinating whether an offender is a sexual predator, the court must consider the factors enumerated in R.C. 2950.09(B)(2):
 {¶ 19} "(a) The offender's age; *Page 6 
 {¶ 20} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 21} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 22} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 23} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 24} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 25} "(g) Any mental illness or mental disability of the offender;
 {¶ 26} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 27} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; *Page 7 
 {¶ 28} "(j) Any additional behavioral characteristics that contribute to the offender's conduct." See R.C. 2950.09.
 {¶ 29} This statute does not mandate that each factor be satisfied; instead, it simply requires the trial court to consider all the factors which are relevant to its determination. State v. McBooth, Cuyahoga App. No. 85209, 2005-Ohio-3592.
 {¶ 30} A trial court's determination that an offender is a sexual predator must be supported by clear and convincing evidence, R.C.2950.09(B)(4), and it is the state's burden to establish such proof.State v. Eppinger (2001), 91 Ohio St.3d 158, 163, 2001-Ohio-247,743 N.E.2d 881. Clear and convincing evidence is "that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.
 {¶ 31} Where the determination is based upon a single incident it may be upheld if there is clear and convincing evidence that he committed a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. See State v. Mruk, Lucas App. No. L-04-1213, 2006-Ohio-590; State v. Senyak (Feb. 11, 1999), Cuyahoga App. No. 72611.
 {¶ 32} In this matter, the evidence demonstrated that defendant was convicted of indecent exposure in 1972. He has admitted to other exhibitionism and *Page 8 
masturbating in public. In 2005, he was convicted of public indecency after he exposed himself to trick-or-treaters. Shortly after completing his sentence in that matter, defendant was charged with the instant offense. The three year-old victim, a family friend, was using the bathroom when defendant approached her, touched her thigh and masturbated. Defendant also acknowledged that he uses PCP and marijuana. He has never received treatment for his sexual issues, and has been diagnosed with Exhibitionism and has a "measured sexual interest in children," according to the court psychiatric clinic. His score on the STATIC 99 was 8, indicating a likely recidivism rate of .39 in five years and .45 in ten years.
 {¶ 33} In this record we agree with the trial court's determination that there is clear and convincing evidence that he committed a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
This assignment of error is overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 9 
 JAMES J. SWEENEY, A.J., and MARY EILEEN KILBANE, J., CONCUR *Page 1