The State of Ohio, Appellee, *v.* Martin, Appellant.

(No. 3764—Decided March 13, 1946.)

Mr. *Alva J. Russell*, prosecuting attorney, Mr. *Robert Azar* and Mr. *Gilbert A. Hartz*, for appellee.
Mr. *J. P. Riddle*, for appellant.

Doyle, J. The case before this court is an appeal on questions of law from the Court of Common Pleas of Summit county, and is predicated upon a judgment which convicted the appellant herein of the crime of having carnal knowledge of the prosecutrix, forcibly and against her will (Section 12413, General Code).

The record shows that a jury was waived by the accused and the trial had to the court.

The only error claimed is that the judgment rendered is against the weight of the evidence.

This court is a court of review, restricted in this case to a pronouncement of the law, and without power to act as a trier of the facts.

If those charged with the duty to pass judgment upon the facts might say not unreasonably that the accused (1) had carnal knowledge of the prosecutrix, and (2) committed it forcibly and against her will, beyond a reasonable doubt, the members of this court are not at liberty to substitute their judgment for that of the judge of the Court of Common Pleas empowered by law to determine the facts.

A different question would be here if we could say as a matter of law that there was no evidence to justify the conviction, or that the judgment was manifestly against the weight of the evidence. We cannot say that here.

We may presume that the trial court believed the testimony of the prosecuting witness, shown in the following question and answer:

"Q. What is the fact: did you try to resist him from having sexual intercourse? A. I tried all I could," and that this evidence, coupled with a fantastical array of facts, among which was the farcical arrest of the prosecutrix by the accused, who claimed that he was a police officer acting in the line of his duty, in which he unlawfully restrained her of her liberty and subjected her to a series of frightful experiences, which finally culminated in sexual intercourse, was sufficient in its judgment to establish the guilt of the accused beyond a reasonable doubt.

It is a well-known rule that, while consent negatives rape, where a woman is affected by terror or is in fear of great bodily injury and harm, brought into being by an accused, who has placed his victim within his power and control, intercourse under such circumstances without consent is rape, even though the victim might have used greater physical resistance or cried out, when it is shown that her will was overcome by the fear or duress.

We do not think it necessary to set out the evidence in the record, but deem it sufficient for this court to tersely state that it is of such a character that the court which determined the facts had before it sufficient evidence to convict the appellant.

*Judgment affirmed.*

WASHBURN, P. J., and STEVENS, J., concur.