THE STATE OF OHIO, APPELLEE, *v.* WOLFENBERGER, APPELLANT.

(No. 135—Decided January 28, 1958.)

*Mr. Everett Fahrenholz,* prosecuting attorney, for appellee.
*Mr. Walter H. Earley,* for appellant.

WISEMAN, J. This is an appeal on questions of law from an order made in a criminal proceeding by the Common Pleas Court of Preble County.

The notice of appeal recites that the appeal is "from a judgment rendered * * * on the 17th day of May, 1957," and an order overruling a motion for new trial filed May 20, 1957. In the entry filed May 17, 1957, the court found the defendant guilty as charged in the indictment, the defendant having waived in writing a trial by jury. The defendant being convicted of a violation of Section 2905.02, Revised Code, the court ordered him to be conveyed to the Lima State Hospital for psychiatric examination as provided in Section 2947.25, Revised Code. The entry filed May 20, 1957, overrules the motion for new trial. There is nothing in the record to show a compliance with the provisions of Section 2947.25 except the commitment.

Section 2953.05, Revised Code, provides:

"Appeal under Section 2953.04 of the Revised Code, may

be filed as a matter of right within 30 days *after sentence and judgment*. After 30 days from sentence and judgment, such appeal may be filed only by leave of the court or two of the judges thereof.'' (Emphasis ours.)

Under this section the sentence is the judgment from which an appeal may be taken. *State* v. *Gossler*, 74 Ohio App., 486, 491, 496, 57 N. E. (2d), 670. It is not claimed that the trial court abused its discretion in overruling the defendant's motion for new trial. Moreover, upon an examination of the record we find no abuse of discretion.

There has been no ''sentence and judgment'' as contemplated by Section 2953.05, Revised Code, and there is no order which constitutes an appealable order.

The court *sua sponte* dismisses the appeal and remands the cause to the trial court for further proceedings according to law.

*Appeal dismissed.*

HORNBECK, P. J., and CRAWFORD, J., concur.

(Decided—April 18, 1958.)

ON MERITS: Court of Appeals for Preble County.

WISEMAN, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Preble County entered in a criminal proceeding wherein the defendant was convicted of rape.

The indictment charged that the defendant ''unlawfully and forcibly raped * * * Gloria Wolfenberger, she * * * then and there being his daughter, contrary to Section 2905.02 of the Revised Code of Ohio.''

The defendant having waived in writing a jury trial, the cause was tried to the court which found the defendant guilty as charged in the indictment.

The sole assignment of error is that the conviction is not sustained by sufficient evidence and is contrary to law. Appellant contends that the evidence fails to show that the offense was committed ''forcibly and against her will'' as provided by statute.

The evidence shows that at the residence the defendant had threatened to whip his daughter with his belt which he held in his hand if she did not accompany him. He drove his automobile approximately one and one-half miles and parked the automobile in a field where the act occurred, some time after ten o'clock at night. The prosecuting witness, who was 12 years of age at the time the offense was committed, testified that the defendant used force in pushing her down and in holding her down on the rear seat of the defendant's automobile, and that the defendant threatened to hit her if she did not yield. The defendant, upon being questioned on cross-examination as to whether he used any force, testified:

"Q. You pushed her over, you forced her, is that right? A. Well, you might call it that way."

The evidence justifies the conclusion that the prosecuting witness was within the power and control of the defendant, and her will and resistance were overcome by fear or duress. See *State* v. *Martin,* 77 Ohio App., 553, 68 N. E. (2d), 807. The failure of the victim to make an outcry is sufficiently explained by the fact that she was only 12 years of age, the place where the offense was committed, and also by the relationship of the parties.

The evidence supports the judgment and sentence. The assignment of error is not well made.

*Judgment affirmed.*

HORNBECK, P. J., and CRAWFORD, J., concur.