DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which found defendant-appellant, Timothy Mruk, to be a sexual predator pursuant to R.C. 2950.09. For the following reasons we affirm the judgment of the court below.
 {¶ 2} This matter came before the lower court for purposes of a sexual offender classification hearing and, pursuant to our mandate in State v. Mruk (May 9, 1997), 6th Dist. No. L-96-075, for re-sentencing. In 1996, appellant was convicted of one count of felonious sexual penetration of a person under 13 years of age and was sentenced to a term of life imprisonment.[1] For reasons that are not relevant to the issues now before us, this court in Mruk, supra, affirmed the conviction but vacated the sentence and remanded the case to the trial court for re-sentencing. Evidently, due to confusion over a state appeal to the Supreme Court of Ohio, the case lingered for years before proceeding to the hearing below.
 {¶ 3} In concluding that appellant is a sexual predator, the lower court first considered the underlying facts of the offense. Those facts, as set forth in our decision in Mruk, supra, were testified to at the 1996 trial and are as follows.
 {¶ 4} On January 22, 1984, the victim, then four years old, lived with his mother, siblings and his mother's boyfriend, appellant. The victim testified that on that day, appellant took him upstairs to put him to bed, made him lay on his stomach on the bed and inserted something into his anal cavity. Although the victim could not see what was inserted into his anal cavity, he stated that, at that time, he believed it was appellant's penis. He further stated that immediately thereafter, he bled from his anus. Subsequently, he told his mother what had happened and she took him to the hospital.
 {¶ 5} James Carnes, the former detective who investigated the case, testified that an initial report of the incident was filed on January 22, 1984, and that he began his investigation on January 23, 1984. As part of his investigation, Carnes interrogated appellant on January 24, 1984, at which time appellant signed a waiver of his Miranda rights and told Carnes that while he was caring for the victim, the victim began to misbehave. In an attempt to discipline the victim, appellant told Carnes that he stuck a broom handle into the anal cavity of the victim and that after the victim began to cry he removed the broom handle. Appellant further told Carnes that the victim's mother did not take good care of her children and that he had to discipline them.
 {¶ 6} Dr. Aruna Matani, the pediatrician who treated the victim in 1984, also testified at the 1996 trial. On January 23, 1984, Dr. Matani examined the victim and found two superficial lacerations on his anus. Based on her examination of the victim, Dr. Matani testified that to a reasonable degree of medical certainty it was her opinion that the victim's injuries were consistent with some type of forced penetration to the anal cavity.
 {¶ 7} In addition to considering the underlying facts of the offense, the court below in the sexual offender classification hearing heard from Dr. Wayne Graves and Dr. Barbara McIntyre, both forensic psychologists who had conducted sexual offender classification evaluations of appellant pursuant to a request by the lower court.
 {¶ 8} Dr. Graves testified that he evaluated appellant after being asked to provide a second opinion for sexual offender classification purposes. In conducting his evaluation, Dr. Graves reviewed the original offense report; statements by the original investigating officer, witnesses and the offender; prior evaluations; prior testing; and appellant's institutional adjustment history. In addition, Dr. Graves interviewed appellant for approximately one and one-half hours. Dr. Graves then evaluated appellant using several actuarial instruments which help determine the subject's risk of sexual offender recidivism. On the Static-99 instrument, appellant scored at the bottom of the high risk category for recidivism. On the SORAG instrument, appellant rated a 58 percent risk of recidivism in 7 years of opportunity and an 80 percent risk of recidivism in 10 years of opportunity. Based on all of the information available to him and the results of the instruments, Dr. Graves testified that to a reasonable degree of psychological certainty, appellant was more likely than not to reoffend in a sexual offense in the future and that he was a sexual predator as that term is defined in the relevant statute.
 {¶ 9} Dr. Barbara McIntyre also testified regarding her evaluation of appellant. She stated that the first time she evaluated appellant, she did not have a complete file. The file she had did not include the original police reports, presentence investigation reports or appellant's prior criminal record. During her interview of appellant, he denied committing the offense. She also asked appellant to complete the MMPI-2, a standardized psychological test instrument that is used to screen for mental illness, but appellant only answered a fraction of the questions before drawing a line through the "false" response to the remaining 500 questions. Dr. McIntyre also used the MnSOST screening instrument to evaluate appellant. Using the limited information she had available to her, Dr. McIntyre initially concluded that there was a low risk that appellant would reoffend. After receiving additional information, however, she re-evaluated appellant and submitted a second report to the court. Dr. McIntyre concluded that appellant was likely to reoffend in some violent way, although she could not say that he would reoffend in a sexually violent manner. Upon further questioning, Dr. McIntyre could not state to a reasonably degree of psychological certainty that appellant would sexually reoffend but she also did not feel comfortable predicting that he would not reoffend.
 {¶ 10} Other evidence that was before the lower court for consideration was the written reports of Dr. Graves and Dr. McIntyre; the police report of January 25, 1984; the report from the Court Diagnostic and Treatment Center dated March 26, 1984; the psychological evaluation of appellant dated April 4, 1984; the pre-sentence report of April 19, 1984; appellant's institutional summary report dated December 15, 2003; letters from the Ohio Department of Rehabilitation and Correction and Allen Correctional Institution which reveal that appellant has not completed a sexual offender treatment program since he has been incarcerated; and a letter from appellant directed at the court.
 {¶ 11} In a hearing of July 13, 2004, the lower court addressed appellant and, in a very detailed manner, considered all of the evidence before it in light of the factors set forth in R.C. 2950.09(B)(3). The court then determined that appellant was a sexual predator and informed appellant of his obligations in light of that classification. Appellant now challenges that determination through the following assignments of error:
 {¶ 12} "Assignment of Error No. 1:
 {¶ 13} "The trial court's determination that the defendant-appellant is a sexual predator was against the manifest weight of the evidence.
 {¶ 14} "Assignment of Error No. 2:
 {¶ 15} "The trial court's determination that the defendant-appellant is a sexual predator was not supported by sufficient evidence."
 {¶ 16} Because these assignments of error are related they will be discussed together.
 {¶ 17} A sexual predator is defined by R.C. 2950.01(E)(1) as a "person [who] has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Felonious sexual penetration is a sexually oriented offense that is not a registration-exempt sexually oriented offense. R.C.2950.01(P) and (Q). In determining whether a person who has been convicted of a sexually oriented offense is a sexual predator, a trial court must conduct a hearing in the manner described in R.C. 2950.09(B)(1). R.C. 2950.09(B)(3) then sets out the statutory factors that the court must consider in determining whether an offender is a sexual predator. That section provides:
 {¶ 18} "In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 19} "(a) The offender's or delinquent child's age;
 {¶ 20} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 21} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 22} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 23} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 24} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 25} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 26} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 27} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 28} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 29} A trial court need not find all or even a majority of the factors listed in R.C. 2950.09(B)(3) in order to classify an offender as a sexual predator. State v. Whitson (Apr. 7, 2000), 6th Dist. No. WD-99-034. However, a trial court's determination that an offender is a sexual predator must be supported by clear and convincing evidence, R.C. 2950.09(B)(4), and it is the state's burden to establish such proof. State v. Eppinger
(2001), 91 Ohio St.3d 158, 163. Clear and convincing evidence is "that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 30} In this case, the lower court reviewed the underlying facts of the offense, the presentence investigation report, the testimony from two expert witnesses, as well as various exhibits that were part of the record. The court then went through each of the R.C. 2950.09(B)(3) factors and found the following. Appellant was 23 years old at the time of the offense. Although he was 43 at the time of the hearing below, and Dr. Graves testified that the likelihood of recidivism decreases as a person ages, the court noted that many sex offenders who are in their 40s or 50s come before the court, particularly in cases where the victims are children. Regarding appellant's criminal record, the court noted appellant's extensive juvenile record and his adult offenses of assault and domestic violence, although the court noted that appellant had no prior sexual offenses. The court then found that the age of the victim in this case, four years old, was a highly significant factor and noted that the recidivism rate for sex offenders attracted to child victims is higher than that for other sex offenders. The court stated that the present offense involved only one victim and that there was no evidence that appellant used drugs or alcohol to impair the victim in this case. Again, regarding appellant's criminal/juvenile record, the court found that appellant had never completed a sentence, despite being committed to the Child Study Institute on several occasions, and that he violated his probation many times. The court then reviewed the findings in the PSI report regarding mental illness and/or mental disability. The court noted that although appellant has a low IQ, he is not mentally retarded. The court further noted that the records revealed appellant has an atypical impulse control disorder, is not a pedophile, has a dysthymic disorder, has a mixed personality disorder, and is anti-social with dependent features. With regard to the nature of appellant's sexual conduct with the victim and whether the sexual conduct was a part of a pattern of abuse, the court noted that the nature of the conduct was the anal sodomization of a four year old child that caused bleeding and trauma. The offense, however, was a single offense and there was no evidence of a pattern of conduct with this victim. The court did note, however, that the victim told a caseworker that appellant had the victim's younger brother, who would have been 3 or 4 years old at the time, perform oral sex on appellant. Because the court found the victim to be credible, the court stated that this showed a pattern of conduct. The court further found that appellant displayed extreme cruelty that had a lasting impact on the victim. With regard to any additional behavioral characteristics that contributed to appellant's conduct, the court noted that appellant had a chaotic childhood and had stated repeatedly that he was a victim of sexual abuse. Specifically, appellant had stated that he was anally raped when he was 12 years old. The court found this to be a significant predictive factor.
 {¶ 31} The court then reviewed the expert testimony and found the testimony of Dr. Graves and the results of the instruments administered by him to be credible. The court considered the fact that appellant has not participated in a sexual offender treatment program during his 20 years of incarceration and the fact that, although appellant admitted to committing the offense at the time it occurred, appellant refused to admit to the offense when interviewed by both Dr. Graves and Dr. McIntyre. The court stated that it had been his experience that sex offenders who deny committing an offense and do not accept treatment are at an increased risk for sexual recidivism. The court noted that appellant's institutional adjustment has been poor and appellant has demonstrated a consistent pattern of misconduct since he has been in prison. Finally, the court considered appellant's present attitude. The court found that appellant was extremely hostile, showed anger, disgust and disrespect for authority and the judicial system, and has made thinly veiled threats of violence toward persons he views as responsible for his imprisonment.
 {¶ 32} Upon consideration of all of the evidence before it, the court noted that although it is unusual for an offender to be designated a sexual predator after having been convicted of only one sexually oriented offense, the Supreme Court of Ohio has approved of sexual predator designations following a single conviction for a sexually oriented offense in Eppinger, supra. The court then stated:
 {¶ 33} "So in conclusion, the record reveals that the defendant suffered a chaotic, abusive childhood and that he was the victim of a rape. As a juvenile, he was constantly involved with criminal behavior, some of which was violent. Efforts at rehabilitation failed. As an angry young man, he committed the violent crime of felonious sexual penetration of a 4-year-old boy. His extreme anger and hostility have continued unabated during his 20-year period of incarceration. It is highly likely that his anger and hostility and disdain for the requirements of the law will lead to future violent conduct. And since his anger and hostility led to a sexual offense in the past, it is likely it will lead to a sex offense in the future.
 {¶ 34} "Based upon the entire record of this case and upon the statutory factors discussed, the case law interpreting those statutes and my 30 years' experience as a juvenile defense lawyer, prosecutor and judge, I find by clear and convincing evidence that the defendant is a sexual predator."
 {¶ 35} Appellant asserts that because the expert testimony on the issue of sexual recidivism was inconsistent and because the court based its determination primarily on the facts relating to the underlying offense, the evidence was insufficient to support a finding that appellant is a sexual predator. We disagree. Although the expert witnesses differed in their conclusions as to whether appellant was likely to sexually reoffend, they agreed on a number of issues. In reviewing their testimony, the lower court found that Dr. Graves had extensive experience in the field of forensic psychology and found his testimony worthy of weight. This was clearly the court's prerogative. As to appellant's second argument, we do not find that the court based its determination primarily on the facts of the underlying case. As is clear from the record, the court based its determination on the entire record before it.
 {¶ 36} Accordingly, we conclude that the trial court's finding that appellant is a sexual predator is supported by clear and convincing evidence and the first and second assignments of error are not well-taken.
 {¶ 37} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Mark L. Pietrykowski, J. Arlene Singer, P.J. William J. Skow,J. concur.
[1] In 1984, appellant pled guilty to one count of felonious sexual penetration and was sentenced to 6 to 25 years in prison. On December 19, 1995, the Lucas County Court of Common Pleas granted appellant's petition for post-conviction relief and thereby vacated his conviction and sentence. The state then obtained a new indictment against appellant and appellant was convicted after a jury trial.