DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which found appellant, Nicholas Boggs, to be a sexual predator pursuant to R.C. 2950.09. For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} On appeal, appellant sets forth the following single assignment of error:
 {¶ 3} "I. The state failed to meet its burden of proof of providing clear and convincing evidence that Henry [sic] should be designated as a sexual predator."
 {¶ 4} The following undisputed facts are relevant to the issue raised on appeal. In 1995, appellant entered an Alford
plea of guilty to one count of rape, one count of kidnapping, and one count of robbery. Appellant was sentenced to a term of incarceration of 38 to 90 years.
 {¶ 5} In the fall of 1995, appellant and an accomplice terrorized Toledo area women for several months. They drove the streets of northwest Toledo searching for young, female victims. Appellant's modus operandi was to fraudulently present himself as a Toledo police officer to his unwitting victims.
 {¶ 6} On September 23, 1995, appellant spotted a young woman whose vehicle had broken down on Alexis Road in Toledo. The victim had telephoned her mother and was waiting to be picked up at the time the assailants encountered her. Appellant pretended that he was a Toledo police officer and offered the victim a ride to "headquarters." Following this deception, appellant drove the victim into a rural area of southern Michigan, robbed her, raped her, and discarded her.
 {¶ 7} On November 4, 1995, appellant spotted his next victim, a young woman driving her car in west Toledo. Appellant activated a counterfeit police headlight. The victim initially believed he was an officer and pulled her vehicle over. Appellant approached the victim, pretended to be a Toledo police officer, took the victim to his automobile and advised her she was going to undergo a breathalyzer test. Upon realizing she had been duped, the victim demanded to see identification. With his deception revealed, appellant drove the victim into southern Michigan, robbed her, raped her, and discarded her.
 {¶ 8} Appellant also unsuccessfully targeted a third victim. On October 29, 1995, appellant approached a young woman using a pay phone along Alexis Road. Appellant again pretended to be with the Toledo Police Department. Unbeknownst to appellant, the victim had met appellant on a previous occasion and instantly recognized him. The victim refused to cooperate with appellant and informed him she knew his actual identity. Appellant fled the scene. With information this victim provided to the Toledo Police Department, they identified appellant, investigated, and arrested him on November 9, 1995. Appellant entered into a plea agreement, was convicted of rape, robbery, and kidnapping, and sent to prison.
 {¶ 9} Appellant came before the trial court for classification of his status pursuant to R.C. 2950.09. A sexual predator is defined by R.C. 2950.01(E)(1) as a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 10} Rape is a sexually oriented offense that is not a registration-exempt sexually oriented offense. In determining whether one convicted of a sexually oriented offense is a sexual predator, the trial court must conduct a hearing as prescribed by R.C. 2950.09(B)(1). R.C. 2950.09(B)(3) sets forth the statutory factors the court considers in determining whether one is a sexual predator.
 {¶ 11} The warden of the North Central Correctional Institution gave written notification to the trial court recommending that appellant be adjudicated a "sexual predator." The requisite sexual predator status hearing was conducted on August 25, 2005. The court concluded by clear and convincing evidence that appellant is a "sexual predator" as defined by R.C.2950.01(E). Appellant filed a timely appeal of this judgment.
 {¶ 12} Appellant's sole assignment of error asserts the trial court lacked clear and convincing evidence from which to judge appellant a "sexual predator." In support, appellant asserts the court's judgment cannot be justified in light of the testimony of expert witness Dr. Wynkoop. Appellant suggests the testimony and opinions of Dr. Wynkoop somehow preclude appellant from being judged a sexual predator.
 {¶ 13} We have thoroughly reviewed the record in this case and are not persuaded by this argument. We find the testimony of Dr. Wynkoop, at best, equivocal. Dr. Wynkoop testified, "I came to the conclusion that I did not have enough evidence to opine that he was more likely than not to reoffend sexually in the foreseeable future." Ironically, the crux of this opinion is that he did not have an opinion.
 {¶ 14} More importantly, Dr. Wynkoop conceded his opinion "could have been swayed" had he possessed the report showing one of the victims was raped with such brute force she suffered internal injuries. Inexplicably, Dr. Wynkoop did not review the victim's statements, the presentence investigation report, or other documentation relevant to the factors pertinent to formulating an expert opinion. Dr. Wynkoop relied almost exclusively on his interview of appellant in formulating his analysis.
 {¶ 15} In contrast to Dr. Wynkoop's incomplete analysis, the record shows the trial court thoroughly and methodically reviewed all objective documentation relevant to the factors. The trial court noted appellant was 26 years old at the time he committed these offenses. The trial court found appellant had accumulated a serious criminal record. Appellant's record included convictions for negligent assault and child endangerment in addition to the rape, robbery, and kidnapping charges underlying this case.
 {¶ 16} The court noted the victim's were 19 years old and 21 years old, at the time the crimes were committed. The court noted multiple victims were involved. The court considered that drugs and alcohol were not used to impair the victims. The court considered that appellant does not suffer from mental illness or disability and did participate in several available programs while incarcerated.
 {¶ 17} The court next carefully detailed appellant's course of conduct in committing these offenses. It concluded that appellant's acts constituted a pattern of conduct. The court found appellant's cruelty in committing the offenses was established by internal injuries suffered by one of the victims during her attack. The court noted the cunning and premeditated manner in which appellant executed his crimes. Appellant carefully selected vulnerable young victims who were alone at night. Appellant deceived his victims by pretending to be a Toledo police officer. Appellant forcibly drove the victims across the state line and committed multiple acts of rape and robbery upon the victims. The trial court scrutinized and considered all of these factors. Upon weighing the balance of the factors, the court concluded appellant is a "sexual predator."
 {¶ 18} The trial court's determination an offender is a sexual predator must be supported by clear and convincing evidence. State v. Eppinger (2001), 91 Ohio St.3d 158, 163. Clear and convincing evidence is "that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases." State v. Mruk, 6th Dist. No. L-04-1213, 2006-Ohio-590, at ¶ 29.
 {¶ 14} Appellant asserts because the expert witness testimony did not conclude he should be deemed a "sexual predator" the evidence was insufficient to support a "sexual predator" finding. We disagree. The court's scrutiny of the facts and evidence in this case relevant to the statutory factors clearly revealed a majority of the factors weigh in favor of finding appellant a "sexual predator."
 {¶ 15} We find Dr. Wynkoop's testimony was ambiguous, not based upon complete information, and of limited value. By contrast, we find the trial court judgment that appellant is a sexual predator was supported by clear and convincing evidence. Appellant's assignment of error is not well-taken.
 {¶ 16} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J., Skow, J., Parish, J, concur.