JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Niles Scott, appeals his conviction and sexual predator finding from the Cuyahoga County Court of Common Pleas. Finding no error in the proceedings below, we affirm.
 {¶ 2} Scott was charged with four counts of rape of a child under the age of thirteen and four counts of kidnapping with sexual motivation specifications. Scott pled not guilty, and a jury trial ensued.
 {¶ 3} The alleged victim in this case was Scott's niece, whom he raised like a daughter from the time she was seven months old. Scott, his wife, three sons, and the victim lived in a house in East Cleveland. At the time the incidents occurred, the victim was between the ages of ten and twelve.
 {¶ 4} The first incident occurred when the victim had stayed home from school because she was sick. The victim testified that Scott entered the bedroom, told her to take off her clothes, get on her hands and knees at the side of the bed and arch like a cat; after putting a Vaseline-type ointment on his penis, he forced himself into her anus. The victim testified that "he shoved himself inside of me" and that "it hurt really bad." She testified that she tried to move away but that Scott would not let her go and pulled her closer toward him.
 {¶ 5} After the incident, Scott told the victim not to tell anyone because it would break up the family, and that he would go away for a long time. She testified that she did not tell anyone because she was afraid. *Page 4 
 {¶ 6} The victim testified that it happened approximately four or five times, each one similar to the first, except one time when Scott made her get on top of him facing away from him. She testified that Scott would use Vaseline each time, that it would hurt really bad, and that when she would complain, Scott would not respond or stop. She testified that it was painful and she would bleed afterwards.
 {¶ 7} Scott's wife moved to Florida. The victim and one of her brothers moved to Florida shortly thereafter. After an incident when Scott's wife caught the victim stealing from her, the victim revealed the abuse to Scott's wife in a letter. Scott's wife bought a recording device at Radio Shack, and when Scott called the victim, Scott's wife recorded the conversation. During the conversation, the victim tried to get Scott to admit what he had done to her. The victim told Scott that she was bleeding and she wanted to go live with her biological mother. Scott told her that the bleeding could not be because of what happened between her and him because it would have happened right away. Scott also told her that she could not tell anyone and that he would come to Florida to take her to the doctor.
 {¶ 8} Scott's wife confronted him about the conversation, and he eventually admitted to her what he had done and promised to seek help. Scott's wife did not report the crime to the police until several months later, when she realized that he was not seeking help.
 {¶ 9} When Scott was arrested by the East Cleveland Police Department, he denied any wrongdoing. He did, however, claim that he did punish the victim by *Page 5 
placing her at the end of the bed and rubbing his pelvic area against hers to make her feel degraded so she would not "turn out" like her biological mother. While Scott was released on bond, he fled to Belize in Central America. Eventually he was apprehended and returned to Cuyahoga County to face the charges against him.
 {¶ 10} Scott was found guilty of all eight counts. Scott was sentenced to life in prison on each count of rape, which counts were ordered to run consecutively. The kidnapping counts were merged into the corresponding rape counts. The trial court classified Scott as a sexual predator. Scott appeals, advancing five assignments of error for our review.
 {¶ 11} "I. The verdicts of guilt on the charges of rape and kidnapping were against the manifest weight of the evidence."
 {¶ 12} Scott argues that his convictions are against the manifest weight of the evidence and that the jury clearly lost its way because the victim could not remember very many details about the incidents.
 {¶ 13} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial *Page 6 
ordered." State v. Leonard, 104 Ohio St.3d 54, 68, 2004-Ohio-6235
(internal quotes and citations omitted).
 {¶ 14} Although the victim could not give specific dates of each incident, she was able to recall when some incidents occurred in relation to other events in her life. In addition, Scott admitted to committing these acts against her and the jury heard the tape of his admission. Finally, Scott admitted to his wife that he had done these things and needed help. We find that there is substantial evidence upon which a jury could reasonably conclude that all the elements had been proved beyond a reasonable doubt. The jury did not lose its way, and Scott's convictions are not against the manifest weight of the evidence. Accordingly, Scott's first assignment of error is overruled.
 {¶ 15} "II. The verdicts of guilt on the charges of rape and kidnapping were not supported by sufficient evidence."
 {¶ 16} Scott contends that the evidence was insufficient to sustain his convictions for kidnapping and rape. Specifically, he insists that there was no evidence of kidnapping because the victim was not moved or restrained. Also, the victim could not give an exact number, date, or time frame for the rapes.
 {¶ 17} When an appellate court reviews a record upon a sufficiency challenge, "`the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" State v. Leonard, *Page 7 104 Ohio St.3d 54, 67, 2004-Ohio-6235, quoting State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 18} Scott was convicted of four counts of rape in violation of R.C. 2907.02(A)(1)(b), which states the following: "No person shall engage in sexual conduct with another who is not the spouse of the offender * * *, when * * * the other person is less than thirteen years of age, whether or not the offender knows the age of the victim." Scott was also found guilty of the furthermore specifications that he purposely compelled the victim to submit by force.
 {¶ 19} Force is not an element of the crime of rape of a minor under the age of thirteen. R.C. 2907.02(A)(1)(b), see State v. Sullivan (Oct. 7, 1993), Cuyahoga App. No. 63818, citing State v. Astley (1987),36 Ohio App.3d 247, 523 N.E.2d 322. However, proof of force is necessary to support a life sentence if a defendant is convicted of rape in violation of R.C. 2907(A)(1)(b). "Force" is defined by R.C. 2901.01(A) as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." The Supreme Court of Ohio elaborated upon this definition with respect to children, in State v. Eskridge (1988),38 Ohio St.3d 56, at paragraph one of the syllabus:
 "The force and violence necessary to commit the crime of rape depends upon the age, size and strength of the parties and their relation to each other. With the filial obligation of obedience to a parent, the same degree of force and violence may not be required upon a person of tender years, as would be required were the parties more nearly equal in age, size and strength." *Page 8 
The Court also recognized "the coercion inherent in parental authority when a father sexually abuses his child." Id. at 58.
 {¶ 20} In State v. Fowler (1985), 27 Ohio App.3d 149, 154, the defendant, the stepfather of the fourteen-year-old victim, challenged his conviction for rape by force or threat of force on the grounds, among several, that the use of force or threat of force had not been proved. The court stated as follows: "Force need not be overt and physically brutal, but can be subtle and psychological. As long as it can be shown that the rape victim's will was overcome by fear or duress, the forcible element of rape can be established. State v. Martin (1946),77 Ohio App. 553 [33 O.O. 364]; State v. Wolfenberger (1958),106 Ohio App. 322 [7 O.O.2d 73]. In the within case, we are confronted with a child being told to do something by an important figure of authority, and commanded not to tell anyone about it. In such a case, we find nothing unreasonable about a finding that the child's will was overcome. Consequently, the forcible element of rape was properly established." Id.
 {¶ 21} In this case, Scott told the victim not to tell anyone because it would break up the family, and that he would go away for a long time and not be with the family. The victim testified that she did not tell anyone because she was scared.
After viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the force element of rape. *Page 9 
 {¶ 22} Next, Scott complains that there was no evidence that he moved or restrained the victim and, therefore, his kidnapping convictions cannot be sustained. Scott was found guilty of four counts of kidnapping in violation of R.C. 2905.01(A)(4), which provides as follows: "No person, by force, threat, or deception, or in the case of a victim under the age of thirteen * * *, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, * * * to engage in sexual activity." He was also found guilty of the sexual motivation specifications.
 {¶ 23} "[N]o movement is required to constitute the offense of kidnapping; restraint of the victim by force, threat, or deception is sufficient. Thus, implicit within every forcible rape (R.C. 2907.02[A][1]) is a kidnapping." State v. Logan (1979),60 Ohio St.2d 126, 130.
 {¶ 24} Again, in this case, Scott raised the victim from the time she was seven months old. The victim referred to and thought of Scott as her father. Scott scared the victim into not telling anyone and doing what he said. The victim testified that she would try to move away but Scott would pull her back towards him. She testified that she could not get away from him. She testified that she told him it hurt but he did not stop or respond. She said each time it was the same. Scott told her what to do, and she did it because she felt that she had no choice. The victim would leave the bedroom after Scott was done. *Page 10 
 {¶ 25} After viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all the elements for the crime of kidnapping. Accordingly, Scott's second assignment of error is overruled.
 {¶ 26} "III. Appellant was denied effective assistance of counsel as guaranteed by Section 10, Article I, of the Ohio Constitution and theSixth and Fourteenth Amendments to the United States Constitution."
 {¶ 27} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that (1) the performance of defense counsel was seriously flawed and deficient, and (2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation.Strickland v. Washington (1984), 466 U.S. 668, State v. Brooks (1986),25 Ohio St.3d 144.
 {¶ 28} In evaluating whether a defendant has been denied his right to effective assistance of counsel, the ultimate query is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." State v. Hester (1976), 45 Ohio St.2d 71, paragraph four of the syllabus. Moreover, in order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that his counsel performed deficiently and that he suffered prejudice from the deficiency. State v. Turner, 105 Ohio St.3d 331, 338,2005-Ohio-1938. "Deficient performance consists of falling below an objective standard of reasonable representation; to prove prejudice, a defendant must demonstrate that, but for *Page 11 
counsel's errors, the result of the proceeding would have been different." Id., citing Strickland v. Washington (1984), 466 U.S. 668,687; State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. Judicial scrutiny of defense counsel's performance must be highly deferential. Strickland, 466 U.S. at 689. In Ohio, there is a presumption that a properly licensed attorney is competent and the defendant has the burden of proof to establish counsel's performance was deficient. State v. Calhoun, 86 Ohio St.3d 279, 1999-Ohio-102. Further, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.Strickland, 466 U.S. at 690.
 {¶ 29} Under this assignment of error, Scott argues that his counsel was ineffective because he failed to object when Nurse Yaver testified without being qualified as an expert witness and did not demonstrate enough expertise to qualify as an expert. Specifically, Scott complains about Nurse Yaver's testimony when she stated that 85 to 90 percent of the exams performed on children who allege some sort of penetration have no medical findings. In addition, Scott complains about Nurse Yaver's testimony that due to the elasticity of the tissue around the anal opening and how the healing takes place, "you just don't have any type of scarring there."
 {¶ 30} The state argues that Nurse Yaver did not testify as an expert; she testified only to what she observed. In the alternative, the state argues that if Nurse *Page 12 
Yaver's testimony was beyond that of a lay person, then her education and experience satisfied the expert witness requirements.
 {¶ 31} Pursuant to Evid. R. 702, a witness may testify as an expert if the following three conditions are met: (1) he or she is qualified as an expert by virtue of specialized knowledge, skill, experience, training or education regarding the subject matter of the testimony; (2) the testimony relates to matters beyond the knowledge or experience of lay persons or dispels a common misconception among lay persons; and (3) the testimony is based upon reliable scientific, technical or other specialized information. Nichols v. Hanzel (1996), 110 Ohio App.3d 591,597.
 {¶ 32} Pursuant to Evid. R. 104(A), the trial court must make a threshold determination regarding the qualifications of the witness to testify as an expert witness before it permits expert testimony.Scott v. Yates (1994), 71 Ohio St.3d 219, 221, 1994-Ohio-462. The decision regarding the admissibility of expert opinions rests within the sound discretion of the trial judge and will not be reversed on appeal unless there is a clear showing that the trial court abused its discretion. Id. A review of Nurse Yaver's testimony reveals that some of her testimony was "expert" in nature; nevertheless, we conclude that the rules enumerated in Evid. R. 702 were satisfied. First, we note, that the testimony complained of by Scott pertains to matters beyond the knowledge or experience possessed by a lay person. Second, Nurse Yaver is a nurse practitioner who coordinates the child sexual abuse program at a child advocacy center. She has specialized training in the area of physical and *Page 13 
sexual abuse. She has performed more than three hundred fifty exams involving children alleging sexual abuse, and prior to her specialization, she had performed more than six hundred gynecological exams. Nurse Yaver's experience and education qualify her to testify as an expert in the matters at issue in this case. Finally, her testimony was based on her training, education, and most recent literature and medical studies that had been conducted in this area. As a result, Nurse Yaver's testimony was properly admitted and Scott's counsel was not ineffective when he failed to object. Accordingly, Scott's third assignment of error is overruled.
 {¶ 33} "IV. The trial court committed plain error when it failed to merge the kidnapping and rape convictions."
 {¶ 34} Scott argues that the trial court failed to merge the kidnapping and the rape convictions. Scott is mistaken. The court properly merged each count of kidnapping into its respective count of rape. Accordingly, Scott's fourth assignment of error is overruled.
 {¶ 35} "V. The trial court erred in finding the appellant to be a sexual predator pursuant to the Ohio Revised Code Section 2950.09."
 {¶ 36} Scott argues that the state failed to prove by clear and convincing evidence that he is a sexual predator. Specifically, Scott states that he did not commit the worst form of the offense and that he has no prior convictions, no history *Page 14 
of molestation, and no evidence of recidivism. Plus, he argues that he had been sentenced to life in prison, and so the classification does not matter.
 {¶ 37} R.C. 2950.01(E) defines a sexual predator as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. Thus, at the sexual offender classification hearing, in order for the offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses.State v. Eppinger, 91 Ohio St.3d 158, 163, 2001-Ohio-247, citing R.C. 2950.01(E) and 2950.09(B)(3). "Not only must it be probable (more likely than not) that such a future offense will occur, but such likelihood must be proven by the heightened standard of clear and convincing evidence." State v. Arthur (Aug. 16, 2001), Cuyahoga App. No. 77770. In order to satisfy this standard, "there must be something of substance from which one could draw a logical conclusion concerning the likelihood of recidivism to reach a firm belief or conviction that defendant is likely to commit a sexually oriented offense in the future." Id. at 10.
 {¶ 38} In determining whether a sex offender is a sexual predator, a judge shall consider all relevant factors to determine whether the individual is likely to engage in future sex offenses. See R.C. 2950.09(B)(3). These factors include, but are not limited to, the offender's age and prior criminal record; the age of the victim; whether *Page 15 
the sex offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim of the sex offense; if the offender has previously been convicted of or pleaded guilty to any criminal offense, whether the offender completed a sentence for any conviction and, if a prior conviction was for a sex offense, whether the offender participated in any available program for sex offenders; whether the offender demonstrated a pattern of abuse or displayed cruelty toward the victim; any mental disease or disability of the offender and any other behavioral characteristics that contribute to the sex offender's conduct. R.C. 2950.09(B)(3)(a) through (j).
 {¶ 39} The trial court is to consider the statutory factors listed in R.C. 2950.09(B)(3), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. State v. Thompson,92 Ohio St.3d 584, 588, 2001-Ohio-1288; see, also, State v. Othberg, Cuyahoga App. No. 83342, 2004-Ohio-6103, at ¶ 18. Nevertheless, the trial court is not required to `"tally up or list the statutory factors in any particular fashion.'" State v. Ford, Cuyahoga App. No. 83683, 2004-Ohio-3293, at ¶ 7, quoting State v. Clayton, Cuyahoga App. No. 81976, 2003-Ohio-3375. Moreover, R.C. 2950.09(B) does not require that each factor be met; it simply requires the trial court to consider those factors that are relevant. State v. Grimes (2001), 143 Ohio App.3d 86, 89.
 {¶ 40} In reviewing a sexual predator classification, "this court's role is to determine whether the weight of the evidence supports the trial court's decision. *Page 16 
Decisions that are supported by competent, credible evidence will not be reversed by a reviewing court as being against the manifest weight of the evidence." State v. Forbes, Cuyahoga App. No. 87473, 2006-Ohio-5612, quoting State v. Hills, Cuyahoga App. No. 78546, 2002-Ohio-497 (internal citations omitted); see, also, State v. Cook, 83 Ohio St.3d 404, 426,1998-Ohio-291.
 {¶ 41} In this case, the trial court noted that Scott had been convicted of four counts of rape. The trial court considered the young age of the victim, the control Scott had over the victim, the pattern of abuse, the length of time over which the crimes occurred, and Scott's own admissions. In addition, the trial court noted that Scott refused to undergo a psychological assessment; therefore, it had no reason to mitigate the classification.
 {¶ 42} We note that "[a] trial court may find an offender to be a sexual predator `even if only one or two statutory factors arepresent, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually-oriented offense.'" State v. Randall (2001),141 Ohio App.3d 160, 166 (emphasis added), quoting State v. Clutter (Jan. 28, 2000), Washington App. No. 99CA19; see, also, State v. Bagnall, Lake App. No. 2005-L-029, 2006-Ohio-870, at ¶ 9; State v. Porter, Lake App. No. 2005-L-016, 2006-Ohio-3768. In this case, several statutory factors are present and we find that the trial court's decision was supported by the weight of the evidence. Accordingly, Scott's fifth assignment of error is overruled. *Page 17 
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and MELODY J. STEWART, J., CONCUR *Page 1