JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Andre Lipscomb appeals from his convictions for two counts of kidnapping with sexual motivation specifications, and two counts of rape, and also challenges the determination that he is a sexual predator. For the reasons set forth below, we affirm the rape convictions and the sexual predator determination, reverse the kidnapping convictions and remand for resentencing.
 {¶ 2} Defendant was indicted pursuant to a twenty-six count indictment which charged him with the sexual abuse of three children under the age of ten. Count One charged him with kidnapping with a sexual motivation specification of an eight year-old boy ("A.C.") and Count Two charged him with forcible rape of the same boy. Counts Three and Four charged him with kidnapping with a sexual motivation specification of a seven year-old girl ("S.C.") and Counts Five and Six alleged that defendant forcibly raped the same girl. Counts Seven through Sixteen alleged kidnapping with a sexual motivation of a six year-old girl ("Sh.C"), and Counts Seventeen through Twenty-Six alleged that defendant forcibly raped Sh. C. Defendant denied all charges and the matter proceeded to a jury trial on July 19, 2006.
 {¶ 3} The state's evidence demonstrated that all three children are siblings and that defendant is the father of two of their half-sisters. The family lived together with defendant in a blue and white house from December 2004 until the spring of 2005. From June 2005 through January 2006, they lived in a brown and white house *Page 3 
and defendant stayed with them some of the time.
 {¶ 4} On December 26, 2005, defendant visited his children at the West 31st Street home. He had sexual relations with the children's mother, and she then took a shower and went to the store for approximately forty minutes. At this time, according to an older cousin who was also staying with the family, defendant called A.C. into the bedroom and shut the door.
 {¶ 5} A.C. testified that defendant removed the boy's pants and put his "thing" into the boy's anus. Using an anatomical drawing, it was established that defendant inserted his penis into the boy's anus. A.C. was upset when he left the room. His mother returned from the store and defendant left the home. The boy told his mother what had happened and she called police. At this time, S.C. and Sh.C. then related that defendant had also molested them. A.C. was taken to the emergency room at MetroHealth where a rape kit of evidence was collected. A rectal swab and A.C.'s underwear were among the items collected within the kit. Subsequent DNA analysis revealed that defendant's DNA was contained within the rectal swab, that semen was present on the underwear and that a mixture of the mother's DNA and defendant's DNA was present on the underwear.
 {¶ 6} S.C. testified that in the summertime, when the family lived in the white and brown house, defendant touched her on the inside of her anus with his "thing," and that he also put it into her mouth. She stated that white stuff came out and it tasted nasty. She did not tell her mother because she feared that she would get into *Page 4 
trouble.
 {¶ 7} Sh.C. also testified that when the family lived in the brown and white house, defendant put his thing inside her anus.
 {¶ 8} At the close of its case, counts Thirteen through Sixteen, and Twenty-Three through Twenty-Six were dismissed. Defendant was subsequently convicted of the kidnapping and rape charges pertaining to A.C., and one kidnapping and rape charge pertaining to S.C. The jury could not reach a verdict on Counts Three, Five and Seven, which were later dismissed by the state, and defendant was acquitted on all remaining counts.
 {¶ 9} The trial court sentenced defendant to two consecutive life terms on the rape convictions and a nine-year term of incarceration on the kidnapping charges which was ordered to be served consecutive to the life terms. Following a separate hearing, defendant was determined to be a sexual predator. He now appeals and assigns five errors for our review. For the sake of convenience, we shall address the assigned errors out of their predesignated order.
 {¶ 10} Defendant's fourth assignment of error states:
 {¶ 11} "The trial court erred by ordering convictions and consecutive sentences for separate counts because the offenses are allied offenses pursuant to R.C. 2941.25 and they are part of the same transaction under R.C. 2929.14."
 {¶ 12} In State v. Logan (1979), 60 Ohio St.2d 126, 397 N.E.2d 1345, syllabus, the Supreme Court stated as follows: *Page 5 
 {¶ 13} "In establishing whether kidnapping and another offense of the same or similar kind are committed with a separate animus as to each pursuant to R.C. 2941.25(B), this court adopts the following guidelines:
 {¶ 14} "(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;
 {¶ 15} "(b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions."
 {¶ 16} The Logan opinion noted that the critical consideration `is whether the restraint or movement of the victim is merely incidental to a separate underlying crime or, instead, whether it has a significance independent of the other offense.
 {¶ 17} In this matter, the evidence established that defendant called A.C. into the bedroom, that he anally raped the boy, and that the boy exited the room crying. The evidence also indicated that defendant raped S.C. in her mother's bedroom while she was at the store. We conclude that the kidnapping convictions were merely incidental to the underlying crime. Defendant did not act with a separate *Page 6 
animus when he restrained S.C. and A.C. as the restraint was not prolonged, the confinement was not secretive, and the movement was not substantial. The restraint of the victim did not subject the victims to a substantial increase in risk of harm separate and apart from that involved in the underlying rape. The restraint was coextensive with the rape and had no significance independent of this act. The kidnapping convictions are therefore impermissibly cumulative. See State v.Price (1979), 60 Ohio St.2d 136, 398 N.E.2d 772. See, also, State v.Scott, Cuyahoga App. No. 88084, 2007-Ohio-2111;
 {¶ 18} State v. Miles, Cuyahoga App. No. 85746, 2005-Ohio-5445.
 {¶ 19} This assignment of error is well taken.
 {¶ 20} Defendant's first assignment of error states:
 {¶ 21} "The state failed to present sufficient evidence to sustain a conviction."
 {¶ 22} In that we have determined that the kidnapping convictions are lacking a separate animus and are impermissibly cumulative, we consider this assignment of error only with regard to the rape convictions.
 {¶ 23} When reviewing the sufficiency of the evidence, an appellate court's function is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v.Thompkins (1997), 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could *Page 7 
have found the essential elements of the crime proven beyond a reasonable doubt. Id.
 {¶ 24} The essential elements of rape are defined in R.C.2907.02(A)(2) as follows:
 {¶ 25} "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."
 {¶ 26} "Sexual conduct" means, in pertinent part, "the insertion, however slight, of any part of the body * * * cavity of another." R.C.2907.01(A).
 {¶ 27} In this matter, the state presented evidence that defendant, who is the father of the victims' half-sister, called eight year-old A.C. into the bedroom, removed the boy's pants, and anally raped him, causing him to cry. Defendant's DNA was recovered from a rectal swab as well as semen on the boy's underwear. The evidence further indicated that when the family lived in the white and brown house, defendant touched her on the inside of her anus with his "thing," and that he also put it into her mouth. She stated that white stuff came out and it tasted nasty. From the foregoing, a rational trier of fact could have found the essential elements supporting at least two rape charges beyond a reasonable doubt.
 {¶ 28} This claim lacks merit.
 {¶ 29} Defendant's second assignment of error states:
 {¶ 30} "Appellant's convictions are against the manifest weight of the *Page 8 
evidence." In evaluating a challenge to the verdict based on manifest weight of the evidence, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.State v. Thompkins, supra. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id. at 387.
 {¶ 31} As explained by the Ohio Supreme Court:
 {¶ 32} "Weight of the evidence concerns `the inclination of the greater amount of credible evidence offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." Id.
 {¶ 33} In this instance, we cannot conclude that the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. A.C.'s testimony was supported by DNA evidence from both the boy's underwear and a rectal swab. S.C.'s testimony was clear and supported by details which rendered the testimony worthy of belief. Defendant *Page 9 
presented no testimony to refute the state's witnesses. The jury did not lose its way in convicting defendant of the rape charges.
 {¶ 34} Defendant's third assignment of error states:
 {¶ 35} "The trial court erred when it classified Appellant as a sexual predator."
 {¶ 36} A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E).
 {¶ 37} In determinating whether an offender is a sexual predator, the court must consider the factors enumerated in R.C. 2950.09(B)(2):
 {¶ 38} "(a) The offender's age;
 {¶ 39} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 40} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 41} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 42} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 43} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented *Page 10 
offense, whether the offender participated in available programs for sexual offenders;
 {¶ 44} "(g) Any mental illness or mental disability of the offender;
 {¶ 45} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 46} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 47} "(j) Any additional behavioral characteristics that contribute to the offender's conduct." See R.C. 2950.09.
 {¶ 48} This statute does not mandate that each factor be satisfied; instead, it simply requires the trial court to consider all the factors which are relevant to its determination. State v. McBooth, Cuyahoga App. No. 85209, 2005-Ohio-3592.
 {¶ 49} A trial court's determination that an offender is a sexual predator must be supported by clear and convincing evidence, R.C.2950.09(B)(4), and it is the state's burden to establish such proof.State v. Eppinger (2001), 91 Ohio St.3d 158, 163, 2001-Ohio-247,743 N.E.2d 881. Clear and convincing evidence is "that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable *Page 11 
doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.
 {¶ 50} Where the determination is based upon a single offense it may be upheld if there is clear and convincing evidence that he committed a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. See State v. Mruk, Lucas App. No. L-04-1213, 2006-Ohio-590; State v. Senyak (Feb. 11, 1999), Cuyahoga App. No. 72611.
 {¶ 51} In this matter, the trial court concluded and the record establishes that defendant anally raped A.C. and raped S.C. There was evidence of a pattern of conduct and the victims were extremely young. The evidence also indicates that defendant received a score of 8 on the Static 99 Assessment placing him in the high-risk category for sexual recidivism. The adjudication as a whole is supported by clear and convincing evidence. Cf. State v. Lawrinson, Lake App. No. 2005-L-003,2006-Ohio-1451.
 {¶ 52} This assignment of error is without merit.
 {¶ 53} Defendant's fifth assignment of error states:
 {¶ 54} The trial court erred by ordering Appellant to serve a consecutive sentence."
 {¶ 55} Within this assignment of error, defendant complains that the trial court failed to make the findings required in R.C. 2929.14 and2929.19. Defendant *Page 12 
acknowledges that the Ohio Supreme Court declared as unconstitutional R.C. 2929.14(E)(4), which governed consecutive sentences, and R.C.2929.14(C), which governed maximum sentences, and excised the offending parts of the statutes from the statutory scheme. State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, applying United States v.Booker (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621; Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403; andApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435. He claims that retroactive application of Foster to this matter is unconstitutional.
 {¶ 56} The Foster Court specifically held that "after the severance, judicial fact-finding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." As a result, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive or more than the minimum sentence." Id. at paragraph seven of the syllabus, and State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus.
 {¶ 57} With regard to the claim that Foster should not apply to his case because his alleged crimes occurred prior to that decision, we note that this court has repeatedly analyzed the retroactive application of the Foster holding and has determined that remedial holding does not violate due process rights or the ex post *Page 13 
facto principles contained therein. We have reasoned that the sentencing range was the same at the time he committed the offenses as when he was sentenced. Foster did not judicially increase the range of his sentence, and did not retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none had existed. See State v. Dyer, Cuyahoga App. No. 88202, 2007-Ohio-1704; State v. Mallette, Cuyahoga App. No. 87984,2007-Ohio-715; State v. Jones, Cuyahoga App. No. 88134, 2007-Ohio-1301. Therefore, in accordance with all of the foregoing, the trial court was not required to make any findings before imposing consecutive sentences.
 {¶ 58} This assignment of error is therefore overruled.
 {¶ 59} Affirmed in part, reversed in part and remanded for resentencing.
It is ordered that appellee and appellant split the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. ANTHONY O. CALABRESE, JR., P.J., CONCURS. MARY EILEEN KILBANE, J., CONCURS IN PART AND DISSENTS IN PART (SEE ATTACHED CONCURRING AND DISSENTING OPINION)