{¶ 1} Defendant-appellant, Frederick Jones ("Jones"), appeals his conviction and sentence. Finding no merit to the appeal, we affirm.
 {¶ 2} In January 2007, Jones was charged with possession of drugs. The matter proceeded to a jury trial, at which he was found guilty. In April 2007, the court sentenced him to one year in prison, to be served consecutive to a six-month sentence for a violation of community control sanctions in Case No. CR-431554, for an aggregate sentence of eighteen months. The following evidence was presented at trial.
 {¶ 3} In December 2006, Cleveland police officers Kutz ("Kutz") and Schroeder ("Schroeder") were patrolling the area of East 110th Street and Superior Avenue. While on patrol, Kutz did a routine license plate check on a car driven by Jones. The license plate was registered to a different vehicle so the officers performed a traffic stop. When police asked for his driver's license, Jones replied that he did not have one. Jones was then asked to step out of the vehicle, was patted down for weapons, and was secured in the back of the police car. Kutz arrested Jones and transported him to the police station.
 {¶ 4} When Kutz asked Jones to empty everything from his pockets, Kutz observed Jones attempting to push something back into his pocket. When Kutz checked Jones' pocket, he discovered a small, rectangular white packet containing a powdery substance. Kutz testified that he recognized the packet as packaged *Page 3 
heroin, and an analysis of the packet confirmed that the substance found in Jones' pocket tested positive for heroin.
 {¶ 5} Jones now appeals, raising three assignments of error. In the first assignment of error, he argues that the trial court erred in overruling his motion for acquittal because his conviction was not supported by sufficient evidence. In the second assignment of error, he argues that his conviction was against the manifest weight of the evidence. Although these arguments involve different standards of review, we will discuss them together because they involve the same evidence.
 {¶ 6} The standard of review for the sufficiency of evidence is set forth in
State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus, which states:
 "Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
See also, State v. Apanovitch (1987), 33 Ohio St.3d 19, 23,514 N.E.2d 394; State v. Daw's (1988), 49 Ohio App.3d 109, 113,550 N.E.2d 966.
 {¶ 7} Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52,678 N.E.2d 541 and State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the State has met its burden of production at trial. Thompkins at 390. On review for sufficiency, courts are to assess not whether the State's evidence is to be believed, *Page 4 
but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jenks at paragraph two of the syllabus.
 {¶ 8} In evaluating a challenge to the verdict based on manifest weight of the evidence, a court sits as the thirteenth juror and intrudes its judgment into proceedings which it finds to be fatally flawed through misrepresentation or misapplication of the evidence by a jury which has "lost its way." Thompkins. As the Ohio Supreme Court declared:
 "Weight of the evidence concerns `the inclination of the greater amount of credible evidence offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' * * *
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id.
 {¶ 9} In State v. Bruno, Cuyahoga App. No. 84883, 2005-Ohio-1862, we stated that the reviewing court must be mindful that the weight of the evidence and the credibility of witnesses are matters primarily for the trier of fact. A reviewing *Page 5 
court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the prosecution proved the offense beyond a reasonable doubt. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus; State v.Eley (1978), 56 Ohio St.2d 169, 383 N.E.2d 132. Moreover, in reviewing a claim that a conviction is against the manifest weight of the evidence, the conviction cannot be reversed unless it is obvious that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.State v. Garrow (1995), 103 Ohio App.3d 368, 370-371, 659 N.E.2d 814.
 {¶ 10} Jones argues that the State failed to produce sufficient evidence that he "knowingly possessed" heroin. Jones also argues that the jury "lost its way" by finding him guilty. He maintains that there was no evidence that he knew about the heroin on the paper found in his pocket. We disagree.
 {¶ 11} Jones was charged with drug possession pursuant to R.C.2925.11(A), which provides that: "[n]o person shall knowingly obtain, possess, or use a controlled substance." A person acts "knowingly" when "he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). "`Possess' or `possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the *Page 6 
thing or substance is found." R.C. 2925.01(K).
 {¶ 12} In the instant case, Kutz testified that Jones attempted to hide something when he was emptying his pockets. When Kutz checked Jones' pocket, Kutz discovered a packet containing powder.[1] Thus, Jones demonstrated that he had knowledge of the heroin and possessed it when he attempted to conceal it in his pocket.
 {¶ 13} Therefore, in viewing the evidence in the light most favorable to the State, we find that there was sufficient evidence to support Jones' drug possession conviction. We also find that his conviction was not against the manifest weight of the evidence.
 {¶ 14} Accordingly, the first and second assignments of error are overruled.
 {¶ 15} In the third assignment of error, Jones challenges his sentence. He argues that the trial court erred when it imposed a maximum, consecutive sentence.
 {¶ 16} Our review of a felony sentence is de novo. State v. Tish, Cuyahoga App. No. 88247, 2007-Ohio-1836. Even though we apply a de novo standard of review, a sentence will not be disturbed on appeal unless we clearly and convincingly find that the record does not support the sentence or that the sentence is contrary to law. Id.
 {¶ 17} Jones contends that the trial court did not make the appropriate findings *Page 7 
to justify his sentence. He further argues that the trial court based its decision on conclusions not supported by the evidence, without first considering whether a minimum or concurrent sentence would be appropriate.
 {¶ 18} However, in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, the Ohio Supreme Court held that judicial fact-finding to overcome the minimum sentence or to impose the maximum or a consecutive sentence is unconstitutional in light of Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403.
 {¶ 19} "After the severance, judicial fact-finding is not required before a prison term may be imposed within the basic ranges of R.C.2929.14(A) based upon a jury verdict or admission of the defendant." Id. at ¶ 99. As a result, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive or more than the minimum sentence." Id. at paragraph seven of the syllabus;State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus.
 {¶ 20} In the instant case, Jones was sentenced to one year in prison for the drug possession conviction (a fifth degree felony), to be served consecutive to a six-month sentence for a violation of community control sanctions.[2] Because Jones was *Page 8 
sentenced within the statutory range, we find his argument to be without merit.[3]
 {¶ 21} Accordingly, the third assignment of error is overruled.
 {¶ 22} Judgment is affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, J., and MARY J. BOYLE, J., CONCUR
[1] Forensic testing on the packet established that the packet of powder contained heroin.
[2] R.C. 2929.14 provides that Jones may receive up to twelve months in prison for a fifth degree felony.
[3] Even though Foster does not require the trial court to make findings on the record, the court indicated that Jones is a career criminal who has been consistently involved with the court since 1963. The court also noted that Jones' lengthy criminal history includes drug and weapon offenses. *Page 1