JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Appellant, Lavelle Coleman, appeals his convictions for drug trafficking and drug possession. After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} On October 14, 2005, a grand jury indicted appellant on three counts. Count one charged drug trafficking under R.C. 2925.03; Count two charged drug possession under R.C. 2925.11; and Count three charged possession of criminal tools under R.C. 2923.24. On October 28, 2005, appellant pleaded not guilty to all *Page 3 
counts. On October 3, 2006, the trial court denied appellant's motion to disclose an informant's identity.
 {¶ 3} On December 5, 2006, a jury trial began. On December 7, 2006, the jury found appellant guilty of drug trafficking and drug possession, but not guilty of possession of criminal tools. On January 4, 2007, the trial court sentenced appellant to six months on each count, to be served concurrently.
 {¶ 4} The facts that give rise to this appeal occurred on August 31, 2005. Cleveland Police detectives set up a "buy-bust" operation in the parking lot of a Family Dollar Store at East 105 and Olivet Street. Appellant and his co-defendant, Adrian Jones, were loitering in the parking lot. Ultimately, one of the officers observed appellant sell crack cocaine to an unnamed police "informant."[1] The police agent used twenty dollars in marked "buy money" to purchase one rock of cocaine from appellant.
 {¶ 5} From the undercover vehicle where he was watching, Detective Eugene Jones saw the agent engage in a controlled purchase with appellant. Detective Jones then saw appellant hand something to Adrian Jones. According to Detective Jones, only one transaction took place, and Adrian Jones was found with the buy money in his pants pocket. *Page 4 
 {¶ 6} At trial, Detective Jones testified that he saw — from 15-20 feet away-appellant sell a rock of crack cocaine to the agent. Jones also testified that the agent told him that appellant had sold her the crack cocaine. When the officers approached the two men in the parking lot, appellant fled the scene.
 {¶ 7} Detective Stephanie Murphy testified that the police gave the agent two marked ten dollar bills for buy money. Based upon information she received from Detective Jones, Detective Murphy arrested Adrian Jones and appellant. Appellant had two cell phones and $191 in cash on him, but no drugs. Adrian Jones possessed the marked ten dollar bills.
 Review and Analysis {¶ 8} Appellant brings this appeal, asserting three assignments of error for our review.
 Identity of Informant {¶ 9} "I. The trial court erred when it denied appellant's motion to reveal the identity of the `confidential reliable informant' which was material to the defense and thus denied appellant of his right to a fair trial."
 {¶ 10} Appellant argues that the court erred when it denied his motion to reveal the confidential reliable informant's identity. This argument is without merit.
 {¶ 11} For the reasons below, we find that the state was not required to provide appellant with the informant's name. Importantly, the informant in this case is not a "confidential reliable informant." Ordinarily, a confidential reliable informant is a *Page 5 
person who provides the police with information regarding specific criminal activity upon which probable cause for a warrant and arrest is established. Here, the agent did not provide the police with any information, she was simply a person the police department has used in the past in "buy-bust" operations. The police provide this agent with buy money and instruct her to attempt buys in certain locations. Therefore, an analysis of the requirements for when the state must reveal the identity of a "confidential reliable informant" is unnecessary in this case.
 {¶ 12} Further, under Crim. R. 16(B)(1)(e), "upon motion of the defendant, the court shall order the prosecuting attorney to furnish to the defendant a written list of the names and addresses of all witnesses whom the prosecuting attorney intends to call at trial, * * *." Here, the state did not call the agent as a witness; therefore, the state was not required under Crim. R. 16 to provide appellant with the agent's name.
 {¶ 13} Finally, we note that there was sufficient evidence presented at trial to lead the trier of fact to a guilty verdict, even without the appellant knowing the identity of the "agent." As the trial court found, Detective Jones observed the crime take place less than 20 feet away from his car. Thereafter, Detective Jones was a witness to the hand-to-hand transaction with Adrian Jones.
 {¶ 14} We find that the trial court's decision to deny appellant's motion to disclose the identity of the informant was not error. Accordingly, appellant's first assignment of error is overruled.
 Sufficiency/Manifest Weight of the Evidence *Page 6 {¶ 15} "II. The trial court erred in denying appellant's motion for acquittal as
 {¶ 16} to the charges when the state failed to present sufficient evidence that
 {¶ 17} appellant was involved in and/or knowingly committed these crimes.
 {¶ 18} "III. Appellant's conviction is against the manifest weight of the evidence."
 {¶ 19} Because appellant's second and third assignments of error are substantially interrelated, they are addressed together. Appellant argues that his convictions are not supported by sufficient evidence and are against the manifest weight of the evidence. These arguments are without merit.
 {¶ 20} Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955), 162 Ohio St. 486. A conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31, citing Jackson v.Virginia (1979), 443 U.S. 307. Where there is substantial evidence upon which the trier of fact has based its verdict, a reviewing court abuses its discretion in substituting its judgment for that of the jury as to the weight and sufficiency of the evidence. State v. Nicely (1988),39 Ohio St.3d 147. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine.State v. DeHass (1967), 10 Ohio St.2d 230. On review, the appellate court must determine, after viewing the evidence in a light most favorable to the prosecution, whether any rational trier of fact could have found the *Page 7 
essential elements of the crime proven beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259; Jackson v. Virginia (1979),443 U.S. 307.
 {¶ 21} Sufficiency of the evidence is subjected to a different standard than is manifest weight of the evidence. Article IV, Section 3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." State ex rel. Squire v. City ofCleveland (1948), 150 Ohio St. 303, 345.
 {¶ 22} The United States Supreme Court recognized the distinctions in considering a claim based upon the manifest weight of the evidence as opposed to sufficiency of that evidence. The court held in Tibbs v.Florida (1982), 457 U.S. 31, that unlike a reversal based upon the insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal, i.e., invocation of the double jeopardy clause as a bar to relitigation. Id. at 43. Upon application of the standards enunciated in Tibbs, the court in State v. Martin (1983), 20 Ohio App.3d 172, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. TheMartin court stated: *Page 8 
 {¶ 23} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."Martin at 720.
 Sufficiency {¶ 24} Under R.C. 2925.11(A), "no person shall knowingly obtain, possess, or use a controlled substance." Under R.C. 2925.03(A)(1), "no person shall knowingly * * * sell or offer to sell a controlled substance." Appellant argues that "mere presence is not enough to establish guilt." The crux of appellant's argument is that the state did not present evidence on the element of "possession." According to appellant, he "was not caught with the buy money on his person; the co-defendant was," and he was not observed engaging in "any drug-type activity."
 {¶ 25} Possession is defined as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." State v. Jones, Cuyahoga App. No. 89818, 2008-Ohio-1706, at f11. We find that there is sufficient evidence of possession and of appellant's participation in selling drugs. Detective Jones testified that he observed appellant sell a rock of cocaine to the agent and that appellant fled the scene when police approached him. *Page 9 
 {¶ 26} According to Detective Jones, appellant did not have the buy money on his person, but Adrian Jones did. During the alleged drug transaction, Detective Jones observed appellant hand something to Adrian Jones, which explains why the buy money was found on Jones and not on appellant. These facts, if believed, could lead a rational trier of fact to convict appellant; therefore, the trial court correctly denied appellant's Crim. R. 29 motion.
 Manifest Weight {¶ 27} Appellant also argues that the verdict was against the manifest weight of the evidence. Specifically, he argues that the jury lost its way because he did not possess drugs or buy money at the time of his arrest; therefore, he could not be found guilty of drug trafficking and/or drug possession.
 {¶ 28} Detective Jones's testimony is persuasive and uncontroverted. Further, appellant fled the scene when the officers approached. Appellant offers no contradicting testimony or evidence to suggest that the state's case is not credible. He only suggests that he should not be found guilty by association or by proximity. However, the evidence shows that he was found guilty for his own actions, not because of an association with Adrian Jones. Accordingly, appellant's second and third assignments of error are overruled.
Judgment affirmed.
It is ordered that appellant recover from appellee costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 10 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Christine T. Mcmonagle, P.J., and Frank D. Celebrezze, Jr., J., Concur.
[1] As discussed under assignment of error I below, despite the parties' characterization of the unnamed person as a "confidential reliable informant," we find that the "informant" in this case is not a "confidential reliable informant"; for clarity, we shall refer to this person as the police "agent." *Page 1